1 | David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
2 | **FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
3 | Los Angeles, CA 90071
Telephone: 213-237-2400
4 | Facsimile: 213-237-2401

5 | Daniel R. Lyman, Bar No. 319010
dlyman@fordharrison.com
6 | **FORD HARRISON LLP**
1901 Harrison Street, Suite 1650
7 | Oakland, CA 94612
Telephone: (415) 852-6914

Attorneys for Defendant
DENNY'S INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTRADA, as individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT DENNY'S INC. PURSUANT TO 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**<br><br>Action Filed:   December 9, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant Denny's Inc. ("Denny's") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**I.  PLEADINGS AND PROCESS, AND ORDERS**

1. Plaintiff Maria Estrada ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of Los Angeles by filing a Complaint for Damages on December 9, 2021 entitled "Maria Estrada, as individual and on behalf of all similarly situated employees, Plaintiffs v. Denny's Inc., and Does 1 through 50, Defendants," Case No. 21STCV45037 ("Complaint").

2. On December 27, 2021, Plaintiffs served Denny's with a copy of the Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Alternative Dispute Resolution Information Package, Notice of Case Assignment, and Certificate of Mailing. True and correct copies of these documents are attached as **Exhibit A** to the Declaration of David L. Cheng, ¶ 2 ("Cheng Decl.").

3. In her Complaint, Plaintiff alleges, as an individual and on behalf of all similarly situated employees, that Denny's (1) failed to pay all wages including overtime wages (Compl., ¶¶ 41-48, Ex. A to Cheng Decl., ¶ 2); (2) failed to provide meal periods (*Id.* at ¶¶ 49-55.); (3) failed to provide rest periods (*Id.* at ¶¶ 56-62.); (4) failure to provide accurate itemized wage statements (*Id.* at ¶¶ 63-69.); (5) failed to pay wages upon ending employment (*Id.* at ¶¶ 70-72.); (6) failed to reimburse employees for necessary business expenditures (*Id.* at ¶¶ 73-78.); and (7) engaged in unfair competition (*Id.* at ¶¶ 79-92.).

4. From the Register of Actions for the Lost Angeles Superior Court, Defendant was able to obtain a copy of a Notice of Case Assignment, Initial Status Conference Order, and Minute Order (Court Order re: Newly Filed Class Action). True and correct copies of these documents are attached hereto as **Exhibit B** to the Declaration of David L. Cheng, ¶ 3.

5. A true and correct copy of Defendant's Answer to Plaintiff's Complaint, filed with the state court on January 25, 2021, is attached as **Exhibit C** to the Declaration of David L. Cheng, ¶ 4.

6. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, received by Defendant or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Los Angeles County or served by any party. Cheng Decl., ¶ 5.

**II.     TIMELINESS OF REMOVAL**

7. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after December 27, 2021, the first and only date on which Denny's was provided with any pleading or other paper in this matter, and this case has been on file for less than one year. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See Ibid.* Here, the last day for removal falls on January 26, 2022, accounting for weekends and holidays. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011). Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

///

///

///

### III. VENUE

8. The United States District Court for the Central District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c)(2).

### IV. INTRA-DISTRICT ASSIGNMENT

9. Pursuant to C.D. Cal. General Order No. 21-01, Section I.B.1.b., this actions should be assigned to a judge sitting within the Western Division because the action arises in Los Angeles County, unless adjustments are required as described in the above cited General Order. Further, pursuant to the concurrently filed Notice of Relate Cases, in compliance with C.D. Local Rule 83-1.2.2, this action "shall be assigned to" the Hon. John F. Walter because this action is related to a previously filed class action that has been dismissed and involved "the same or essentially the same claims [and] the same or essentially the same parties." This previously filed and dismissed related class action is entitled, *Myra Deleon and Karla Jimenez, as individuals and on behalf of all similarly situated employees, Plaintiffs, v. Denny's Inc., and Does 1 through 50, inclusive, Defendants,* Case No. 2:20-cv-01082-JFW-MRW.

### V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT DENNY'S INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

11. Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendant. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

12. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative class of non-exempt, hourly-paid employees currently or formerly employed by Defendant in California from December 9, 2017 through the date of judgment. (Compl., ¶¶ 1, 36 Ex. A to Cheng Decl., ¶ 2.) The size of the class is not specified and/or is unknown to Plaintiff. However, Plaintiffs claim the putative class is so numerous that the individual joinder of all members is impracticable. (*Id.* at ¶ 39.)

### A. Citizenship of Parties

13. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

///

///

15. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

16. Here, Plaintiff alleges, and Denny's is informed and believes, that Plaintiff is a citizen and resident of the State of California. (Compl., ¶ 7, Ex. A to Cheng Decl., ¶ 2.) Accordingly, Plaintiffs are citizens of the State of California for diversity purposes. *Kanter*, 265 F.3d at 857.

17. For purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also, *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

18. Defendant Denny's is a corporation that is organized and exists under the laws of the State of Florida, with its principal place of business in the State of South Carolina. Accordingly, Denny's is a citizen of Florida and South Carolina for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

19. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

20. Here, diversity of citizenship is met because Plaintiffs are citizens of California while Defendant is a citizen of Florida and South Carolina. Therefore, the minimal diversity requirement is fully satisfied. See, 28 U.S.C. § 1332(d)(2)(A).

**B.   The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

21. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

"The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

22. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibid.*

23. Plaintiff has not alleged a specific amount in controversy in their Complaint. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011).

24. Here, Defendant can plausibly allege, based on Plaintiff's Complaint and their prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Defendant herein are limited to their

preliminary understanding of Plaintiffs' claims and data currently available to Defendant.

25.    Here, Plaintiff proposes a class consisting of all persons who are employed or have been employed by Defendant, as non-exempt hourly employees, in the state of California, within four (4) years of the filing of this complaint until the date of judgment ("Proposed Class"). (Compl., ¶ 36, Ex. A to Cheng Decl., ¶ 2.) During the Relevant Time Period, based on personnel and payroll records of the members of the Proposed Class ("Proposed Class Members"), the average rate of pay was $13.90, and, as of the date of the removal, the total number of workweeks worked by Proposed Class Members was approximately 337,992.

26.    While Defendant denies Plaintiff's claims of wrongdoing and denies their request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

27.    Where a plaintiff alleges that a defendant has "'engaged in a uniform policy/practice of wage abuse' against their employees, and that '[a]t all material

1  times' [defendant] failed to provide . . . rest breaks to [p]laintiff and the other class members," it is "reasonable" to "assum[e] that each class member missed . . . one rest period per week." *Byrd v. Masonite Corp.*, No. CV 16-35-JGB KKx, 2016 U.S. Dist. LEXIS 60078, at *16 (C.D. Cal. May 5, 2016) (emphasis added) (citing *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464, at *4 [N.D. Cal. Dec. 9, 2014][finding that pleading "regular or consistent practice" supports assumption that every class member "experienced at least one violation once per week."]).  Even further, where a plaintiff alleges that a defendant "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [break laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (emphasis added).  In that instance, the Court found that "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.*

        28.    Here, Plaintiff alleges seven causes of action: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide rest breaks; (4) failure to provide accurate itemized wage statements; (5) failure to pay all wages due upon ending of employment; (6) failure to reimburse employees for necessary business expenditures; and (7) Violation of California Business & Professions Code sections 17200, et seq. (*See generally* Compl., Ex. A to Cheng Decl., ¶ 2.)  Plaintiff seeks unpaid wages, interest, penalties, restitution, as well as attorneys' fees and costs.  Plaintiff seeks recovery of the aforementioned remedies for all members of the Proposed Class. (*See*, *e.g.*, *id.* at Prayer for Relief, ¶¶ 1-11, Ex. A to Cheng Decl., ¶ 2.)

29. Specifically, through their Complaint, Plaintiff alleges that "[a]t all times relevant hereto, Plaintiffs and Plaintiff Class have worked shifts of four (4) hours or more in a work day" and that Defendant maintained a "non-compliant relief system, [by which] Plaintiffs and Plaintiff Class did not receive their rest periods within the required statutory time frame." (Compl., at ¶¶ 59, 60, Ex. A to Cheng Decl., ¶ 2 [emphasis added].) Plaintiff alleges Defendant's "non-compliant relief system" violates Labor Code section 226.7 in that, pursuant to this system, Defendant does not "permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours." (Compl., at ¶¶ 57, 59, Ex. A to Cheng Decl., ¶ 2.) Consequently, Plaintiff is alleging, as a matter of policy and practice, that Defendant uniformly and systematically does not provide Plaintiff and Proposed Class Members with lawful rest breaks.

30. Plaintiff appear to allege that Proposed Class Members were not provided any rest breaks for each shift they worked. However, assuming *arguendo* that Proposed Class Members were not provided even one rest break per workweek, then based on the Proposed Class Members' average rate of pay, there is a potential estimate of at least **$4,698,088.80** in damages.[1]

31. Plaintiff also claims that Proposed Class Members are entitled to penalties as a result of Defendant's furnishing inaccurate wage statements in violation of Labor Code section 226. (Compl., at ¶¶ 63-69, Ex. A to Cheng Decl., ¶ 2.) Specifically, they allege that Defendant "willfully and intentionally failed" to

---

[1] Plaintiff alleges that employees work shifts of 4 hours or more "at all relevant times," thus allegedly entitling Proposed Class Members to a rest break for each shift. *See also* 8 Cal. Code Regs. § 11150, subd. 12(A) [entitling employee at least one rest break if employee worked a period of at least 3.5 hours].) (Compl., at ¶ 60, Ex. A to Cheng Decl., ¶ 2.) However, Defendant reasonably assumes one rest break penalty per workweek for this calculation. *See Byrd v. Masonite Corp.*, No. CV 16-35-JGB KKx, 2016 U.S. Dist. LEXIS 60078, at *16 (C.D. Cal. May 5, 2016); *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464, at *4 (N.D. Cal. Dec. 9, 2014).

comply with Labor Code 226(a) in that wage statements that were provided to Plaintiff and Class Members did "not accurately reflect . . . wages owed in the form of statutory premiums for non-compliant meal and rest periods." (Compl., ¶ 66, Ex. A to Cheng Decl., ¶ 2.)

32. Labor Code section 226(e)(1) provides for a penalty for each inaccurate wage statement issued to each employee of up to $4,000 within the one-year statute of limitations. Based on a review of the Proposed Class Members' pay records during the one-year statute of limitations, Defendant issued approximately 31,367 pay statements to Plaintiff and Proposed Class Members on a bi-weekly basis within the relevant time period. Assuming *arguendo* the truth of Plaintiff's allegation that Proposed Class Members are entitled to inaccurate wage statement penalties, based on the number of wage statements issued to each Proposed Class Member during the relevant time period, when each Proposed Class Members' statutory penalties are calculated, Plaintiff's claim for inaccurate wage statement penalties, in the aggregate, is estimated to be at least $**2,959,800.00**.

33. Plaintiff's also claim that they and Proposed Class Members are entitled to waiting time penalties pursuant to Labor Code section 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Compl., ¶¶ 70-72, Ex. A to Cheng Decl., ¶ 2.) During the relevant period, at least 4,180 of those who worked at some point as an hourly employee of Defendant in California ended their employment within the relevant three-year statute of limitations applicable to Labor Code section 203 claims. The average daily shift for members of the Proposed Class was at least four hours in length. Assuming *arguendo* the truth of Plaintiff's allegation that those formerly employed and in the Proposed Class are entitled to waiting time penalties, based on each Proposed Class Member's rate of pay, and assuming each Proposed Class Members' daily shift was at least four hours, Plaintiffs' claim for waiting time penalties is estimated to be at least **$6,972,240**.

34. In total, the amount in controversy is estimated to be at least **$14,630,128.80**, exclusive of attorneys' fees and interest. This amount does not take into account any estimated damages arising from Plaintiff's overtime claims, meal break claims, reimbursement claims, and unfair completion claims. (Compl., *see generally*, Ex. A to Cheng Decl.,¶ 2.)

35. Plaintiff also seeks an award of reasonable attorneys' fees and costs for the Proposed Class Members, including pursuant to the California Labor Code section 226 and California Code of Civil Procedure § 1194. (*See* Prayer for Relief, Paragraph 9, Ex. A to Cheng Decl.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002). Additionally, courts in this circuit have held that it is not uncommon for an attorneys' fees award to be 25% of the recovery. *See*, *e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

36. Particularly in the context of a CAFA removal, courts add 25% of the projected recovery as the amount of fees in controversy. *See Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *23 (N.D. Cal. Jan. 2, 2014) ("Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT DENNY'S INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

are entitled to attorney fees valued at approximately twenty-five percent of the projected damages."); *Altamirano v. Shaw Indus.*, 2013 U.S. Dist. LEXIS 84236, *35 (N.D. Cal. Jun. 14, 2013) (denying motion to remand because "the amount in controversy on the five causes of actions totals $4,354,326.48, [and] adding attorneys fees yields a total amount in controversy of $5,442,908.10"); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337-38 (E.D. Cal. 2015) (motion to remand denied because "[a]ssuming that plaintiff correctly estimates the statutory damages available under section 226(e) as $4,064,800, an attorney award of $935,200--or approximately 23 percent of estimated recovery--would suffice to push this case over CAFA's $5 million requirement"); *Rodriguez v. CleanSource, Inc.*, 2014 U.S. Dist. LEXIS 106901, *13-14 (denying motion to remand because "25% of $4,274,189.42, $1,068,547.36, which, when added to the previous figure, produces a total amount in controversy of $5,342,736.78. This exceeds the jurisdictional threshold for CAFA."); *Herrera v. Carmax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 188729, *12-13 (C.D. Cal. Jun. 12, 2014) (denying motion to remand because "Defendant has established that the amount in controversy in Plaintiffs' attorneys' fees claim is 25 percent of the amount in controversy in the above claims"); *Gutierrez v. Stericycle, Inc.*, 2017 U.S. Dist. LEXIS 20975, *51-52 (C.D. Cal. Feb. 14, 2017) (amount in controversy exceeds $5 million for purposes of CAFA because "it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims"); *Garcia v. Wal-Mart Stores*, 2016 U.S. Dist. LEXIS 142807, *18 (C.D. Cal. Oct. 14, 2016) (motion to remand denied because "Defendant can establish by a preponderance of the evidence that the overtime penalties are at least $4 million dollars [and] the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA."); *Salcido v. Evolution Fresh, Inc.*, 2016 U.S. Dist. LEXIS 1375, *23 (C.D. Cal. Jan. 6, 2016) (fees added to amount in controversy and remand motion denied; "[t]he

1  Court finds, consistent with its previous rulings on the issue, that a 25 percent multiplier [to calculate fees] is appropriate"); *Johnson v. Sunrise Senior Living Mgmt.*, 2016 U.S. Dist. LEXIS 29631, *17 (C.D. Cal. Mar. 8, 2016) ("If Defendant can establish by a preponderance of the evidence that the waiting time penalties are at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA."); *Lopez v. Aerotek, Inc.*, 2015 U.S. Dist. LEXIS 63615, *8-9 (C.D. Cal. May 14, 2015) (approving of calculation of "amount in controversy before attorneys' fees [to be] $4,887,718.00, resulting in a 25 percent attorneys' fee of $1,221,929.50, and reaching a total amount in controversy of $6,109,647.50"); *Hughes v. Fosdick*, 106 F. Supp. 3d 1078, 1083 (N.D. Cal. 2015) ("the Court concludes that defendants' estimate of an additional 25 percent of the mileage reimbursement value is reasonable" to add as the value of the attorneys' fees demand for purposes of calculating the amount in controversy for a CAFA removal); *Stafford v. Dollar Tree Stores, Inc.*, 2014 U.S. Dist. LEXIS 42564, *24 (E.D. Cal. Mar. 27, 2014) ("the amount in controversy includes attorneys' fees, and a common estimate for the attorneys' fees award is 25 percent of the recoverable damages").

37.  Considering the sum of the potential damages from above, estimated to be at least $14,630,128.80, it is reasonable to assume *arguendo* that the potential attorneys' fees would be $3,657,532.20 ($14,630,128.80 x 25%).

38.  Defendant does not concede Plaintiff's claims have any merit, however, when the relief sought on behalf of the Proposed Class Members is taken as a whole, the amount in controversy for Plaintiff's class claims likely exceeds the $5 million jurisdiction requirement, exclusive of interest and costs ($14,630,128.80 + $3,657,532.20 = **$18,287,661.00**).  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a).  *See* 28 U.S.C.

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT DENNY'S INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

§ 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.") Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

39. All other claims for relief under various California statutory laws not discussed herein, including, but not limited to, Plaintiff's First (overtime wages), Second (meal periods), Sixth (reimbursements), and Seventh (unfair competition) Causes of Action are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because they are so related to the Plaintiff's claims discussed herein (*i.e.* Plaintiffs' Third [rest periods], Fourth [inaccurate wage statements], and Fifth [waiting time penalties] Causes of Action) that it forms part of the same case or controversy under Article III of the United States Constitution. These other state law claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related to Plaintiff's Third, Fourth, and Fifth Causes of Action Causes of Action, discussed herein.

40. Finally, CAFA's numerosity requirement of the proposed class having at least 100 class members is satisfied at the very least by the 4,180 Proposed Class Members identified in the waiting time penalties analysis above. *See* 28 U.S.C. § 1332(d)(5)(B).

**VI. NOTICE OF REMOVAL**

41. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

42. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

Defendant expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

43. WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: January 26, 2022            **FORD & HARRISON LLP**

By: /s/ *Daniel R. Lyman*
    David L. Cheng
    Daniel R. Lyman
    Attorneys for Defendant
    DENNY'S INC.

# **PROOF OF SERVICE**

I, Linda Lingren, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1901 Harrison Street, Suite 1650, Oakland, California 94612. On January 26, 2022, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT DENNY'S INC. PURSUANT TO 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**

☒ by e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below. My email address is llingren@fordharrison.com. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Kevin Mahoney, Esq.<br>Edward Kim, Esq.<br>MAHONEY LAW GROUP, APC<br>249 E. Ocean Blvd., Suite 814<br>Long Beach, CA 90802<br>Telephone: (562) 590-5550<br>Facsimile: (562) 590-8400<br>Email: kmahoney@mahoney-law.net | **Attorneys for Plaintiff**<br>MARIA ESTRADA, as individual and on behalf of all similarly situated employees |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 26, 2022, at Oakland, California.

*/s/ Linda Lingren*
Linda Lingren

WSACTIVELLP:12858024.1