Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiffs MARIA ESTRADA, as an individual and on behalf of all similarly situated employees,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTRADA, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>DENNY'S INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 2:22-cv-00572-DMG-AGR<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>1. Failure to Pay All Wages Including Overtime Wages;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Provide Rest Periods;<br>4. Failure to Provide Accurate Itemized Wage Statements;<br>5. Failure to Pay Wages Upon Ending Employment;<br>6. Failure to reimburse employees for necessary business expenditures in violation of Cal. Lab. Code § 2802;<br>7. Unfair Competition (Business and Professions Code § 17200 et seq.); and<br>8. Violation of California Private Attorneys General Act ("PAGA"), Cal. Labor Code §§2699, *et seq.*<br><br>**REQUEST FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

Plaintiff MARIA ESTRADA ("Plaintiff ESTRADA"), individually and on behalf of all others similarly situated, and Plaintiff MYRA DELEON, as an aggrieved employee on behalf of other aggrieved employees as defined herein ("Plaintiff DELEON"), complain and allege as follows:

## INTRODUCTION

1.    In part, this is a class action brought on behalf of Plaintiff ESTRADA and the class of similarly situated former and current employees they seek to represent ("Plaintiff Class" or "Class Members"). Class Members consist of all non-exempt, hourly-paid employees currently and/or formerly employed by Defendant DENNY'S, INC. (hereinafter "DENNY'S" or "Defendant"), during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of the original complaint in this action on December 9, 2021 to August 4, 2022. Plaintiff ESTRADA reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

2.    Plaintiff ESTRADA, individually and on behalf of Class Members, seeks to represent and seeks relief against Defendant for (1) the failure to pay all wages due in violation in accordance with Labor Code sections 510 and 1194 et seq, as well as California Code of Regulations, Title 8, section 11050 [3], [5], including minimum, regular, and overtime wages; (2) the failure to provide meal periods or compensation in lieu thereof pursuant to Labor Code sections 226.7, 512 and 8 CCR section 11050 [11]; (3) the failure to provide legally compliant rest periods in violation of Labor Code section 226.7 and 8 CCR section 11050 [12]; (4) the failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code sections 226, subdivision (a), 1174, 1175; (5) the failure to pay wages of terminated or resigned employees pursuant to Labor Code sections 201, 202, 203; and, (6) the failure to reimburse employees for necessary business expenditures in violation of Labor Code section 2802.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

3.      Plaintiff ESTRADA further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Business and Professions Code sections 17200 et seq. for unfair business practices.

4.      Plaintiff DELEON further seeks civil penalties under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code §§2699, *et seq.* on behalf of herself and all current and/or former employees of Defendant DENNY'S, INC. (hereinafter "DENNY'S" or "Defendant"), from October 16, 2018, through August 4, 2022 (the "PAGA Period").

5.      At all times relevant herein, Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Defendants have consistently maintained and enforced against Class Members the following unlawful practices and policies:

a.   willfully refusing to pay Plaintiff ESTRADA and Plaintiff Class for all hours worked, including minimum, regular and overtime;

b.   willfully refusing to permit Plaintiff ESTRADA and Plaintiff Class from taking rest periods or compensation in lieu thereof;

c.   willfully refusing to permit Plaintiff ESTRADA and Plaintiff Class from taking legally compliant meal periods or compensation in lieu thereof

d.   willfully refusing to furnish to Plaintiff ESTRADA and Plaintiff Class accurate itemized wage statements upon payment of wages;

e.   willfully refusing to compensate Plaintiff ESTRADA and certain members of the Plaintiff Class wages due and owing at the time of Plaintiff ESTRADA's and Plaintiff Class' employment with Defendants ended; and,

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

f.  Failure to reimburse employees for necessary business expenditures in violation of Labor Code section 2802.

## JURISDICTION AND VENUE

6.  The United States District Court for the Central District of California is the proper venue because the original complaint was pending in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c)(2).

7.  This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA") because the amount in controversy exceeds $5 million, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from Defendant. 28 U.S.C. § 1332(d).

## ADMINISTRATIVE REMEDIES

8.  Plaintiff DELEON also brings this case as a representative action seeking civil penalties for the State of California in a representative capacity, as provided by PAGA, Labor Code sections 2699, *et seq,* to the extent permitted by law, as an aggrieved employee who was employed by Defendant and subject to the following set forth in a notice to the Labor Workforce Development Agency ("LWDA") and the employer alleging violations of Labor Code sections 201, 202, 203, 204, 221-225.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197 and 2802 as well as IWC Wage Order No. 5, subdivisions 3, 5, 9, 11 and 12.

9.  Under Labor Code section 2699.3(a), a Plaintiff may bring a cause of action under PAGA only after giving notice to the LWDA and the employer of the Labor Code sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after 65 days have passed without notice. Plaintiff DELEON, and other aggrieved employees are current and former employees of Defendant dating from 365 days from the submission of the written

notice to the LWDA and Defendant to the resolution of this matter (*i.e.*, the PAGA Period).

10.    Prior to filing a complaint in the Superior Court for the County of Los Angeles on June 2, 2020, Case No. 20STCV20769 ("PAGA Action"), on October 16, 2019, Plaintiff DELEON gave written notice by certified mail to the LWDA (LWDA-CM-753146-19) and to Defendant of the specific provisions alleged to have been violated, including facts and theories supporting the alleged violations as required by the PAGA, Cal. Labor Code section 2699.3. A true and correct copy of the letter sent to the LWDA and Defendant is attached hereto as Exhibit A. The LWDA did not respond to Plaintiff DELEON's notice within sixty-five days.

11.    On June 2, 2020, Plaintiff DELEON filed a representative action in the Los Angeles Superior Court, Case No. 20STCV20769.

12.    DELEON's PAGA Action is being consolidated with ESTRADA's Class Action through this First Amended Complaint in order to facilitate a global settlement reached by the parties.

## **THE PARTIES**

**A.    Plaintiff ESTRADA and Plaintiff DELEON.**

13.    Plaintiff ESTRADA and Plaintiff DELEON, at all relevant times herein, were employees of the Defendant and entitled to compensation for: (1) all hours worked, (2) overtime compensation, (3) non-compliant rest and meal periods; and (4) penalties from Defendant. Plaintiff ESTRADA began her employment with Defendant in 2009. Plaintiff ESTRADA left Defendants' employment in March 18, 2020.

14.    Plaintiff DELEON began her employment with Defendant in 2014 as a waitress, and, as a model employee, was being trained to become an assistant manager. Plaintiff DELEON left Defendant's employment in October 2019.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

15.    At all relevant times herein, Plaintiff ESTRADA was employed by Defendant during the defined Class Period in a non-exempt hourly capacity. Each of the putative Class Members are an identifiable, current, and/or former similarly situated person who was employed in non-exempt hourly position in California for Defendant during the defined Class Period.

## B.    The Defendant

16.    Plaintiff ESTRADA and Plaintiff DELEON are informed and believe, and based thereon allege, that Defendant DENNY'S INC. is a Florida corporation, registered in California as a foreign corporation, with CT Corporation System (C0168406) as its agent for service of process. Defendant DENNY'S franchises the majority of its approximately 1600 branded restaurants world-wide but directly owns and operates numerous locations in California, including the location wherein Plaintiff ESTRADA and Plaintiff DELEON worked. On information and belief, Defendant DENNY'S was and/or is the employer of Plaintiff ESTRADA and putative Plaintiff Class during the Class Period.  Plaintiff ESTRADA and Plaintiff DELEON also allege that DENNY'S is conducting business in good standing in California.

17.    Plaintiff ESTRADA and Plaintiff DELEON are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of minimum wage and/or overtime compensation, rest period compensation and/or Labor Code section 203 penalties to the putative Plaintiff Class members by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff ESTRADA and Plaintiff DELEON will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

18.     Plaintiff ESTRADA and Plaintiff DELEON are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff ESTRADA and Plaintiff Class.

19.     Plaintiff ESTRADA and Plaintiff DELEON are informed and believe, and based thereon allege that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the Defendant, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with permission and consent of the Defendant. Plaintiff ESTRADA and Plaintiff DELEON also allege the acts of each Defendant are legally attributable to the other Defendants.

20.     Plaintiff ESTRADA and Plaintiff DELEON are informed and believe, and based thereon allege, that each of the Defendants sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent, and knowledge, approval and/or ratification of the other Defendants.

21.     The above Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

## GENERAL ALLEGATIONS

22.     California Labor Code section 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

23.     Further, Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

24.     During all, or a portion of the Class Period, Plaintiff ESTRADA and each member of the putative Plaintiff Class was employed by Defendant in the State of California.

25.     Plaintiff ESTRADA and Class Members were non-exempt employees covered under one or more Industrial Welfare Commission ("IWC") Wage Order(s), and Labor Code section 510, and/or other applicable Wage Orders, regulations and statutes, and each Class Member was not subject to an exemption for executive, administrative or professional employees, which imposed obligations on the part of Defendant to pay Plaintiff ESTRADA and Class Members lawful overtime compensation.

26.     Plaintiff ESTRADA and Plaintiff Class were covered by one or more IWC Wage Order(s), and Labor Code sections 512, 226.7 and other applicable Wage Orders, regulations and statutes which imposed an obligation on the part of Defendant to pay Plaintiff ESTRADA and Plaintiff Class meal period compensation.

27. Plaintiff ESTRADA and Plaintiff Class were covered by one or more IWC Wage Order(s), and Labor Code section 226.7 and other applicable Wage Orders, regulations and statutes which imposed an obligation on the part of Defendant to pay Plaintiff ESTRADA and Plaintiff Class rest period compensation.

28. During the Class Period, Defendant was obligated to pay Plaintiff ESTRADA and Class Members for all hours worked. However, Defendant had a policy and practice of not paying Plaintiff ESTRADA and Class Members for all hours worked by requiring its employees to work off-the-clock.  This includes but is not limited to the many times DENNY'S required Plaintiff ESTRADA and the Plaintiff Class to perform work duties before and after clocking in and out for their regularly scheduled shift.

29. Specifically, Defendant failed to pay Plaintiff ESTRADA and Plaintiff Class wages for work during meal periods during which Plaintiff ESTRADA and Plaintiff Class were ostensibly "duty-free."

30. In addition, Defendant, at times, required Plaintiff ESTRADA and Plaintiff Class to perform work during rest periods during which Plaintiff ESTRADA and Plaintiff Class were ostensibly "duty-free."

31. During the Class Period, Defendant was obligated to pay Plaintiff ESTRADA and Class Members overtime compensation for all hours worked in excess of eight (8) hours of work in one (1) day or forty (40) hours in one (1) week and double-time compensation for hours worked in excess of twelve (12) hours in one (1) day.  However, to the extent that Defendant required Plaintiff ESTRADA and Plaintiff Class to work the aforementioned uncompensated, off-the-clock hours on top of a regular shift of eight (8) hours or more, Defendant did not pay Plaintiff ESTRADA and Class Members proper overtime and/or double-time rates for hours worked off-the-clock as required by law.

32.    During the Class Period, Defendant was obligated to provide Plaintiff ESTRADA and putative Class Members with a thirty (30) minute meal period for each and every work shift exceeding five (5) hours, commencing no later than the end of the fifth (5th) hour of the shift. Defendant prevented Plaintiff ESTRADA and Class Members from taking timely meal periods throughout their shifts.

33.    Specifically, in order to curtail labor costs, Defendant understaffed work shifts in relation to reasonably foreseeable customer volume, such that there was inadequate meal period relief coverage for all employees on shift to take legally compliant meal periods.  This was due in part to Defendant's policy and practice of requiring employees to prioritize completion of work tasks ahead of timely meal period compliance. DENNY'S generally required Plaintiff ESTRADA and Plaintiff Class to take meal periods only during times business was sufficiently slow so as to allow employees to take meal periods without a disruption in customer service. Consequently, Plaintiff ESTRADA and Plaintiff Class frequently and regularly missed or delayed their meal periods or had them interrupted before the legally mandated thirty-minutes had been given to Plaintiff ESTRADA and Plaintiff Class. Despite these non-compliant deficiencies, Defendant recorded or deducted time for missed meal periods which were not actually taken by Plaintiff ESTRADA and Plaintiff Class.

34.    During the Class Period, Defendant was obligated to provide Plaintiff ESTRADA and Class Members with a ten (10) minute rest break for every four (4) hours, or a major fraction thereof, worked each day. Defendant prevented Plaintiff ESTRADA and Class Members from taking rest breaks throughout their shifts. This was due in part to Defendant's policy and practice of scheduling employees to work through their rest periods, as well as Defendant's policy and practice of putting pressure on employees to complete a heavy work load during their shifts.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

35. Defendant further failed and/or refused to schedule Plaintiff ESTRADA and Plaintiff Class during the Class Period so as to reasonably ensure they took timely rest and meal periods within the required statutory time frame as required by law.

36. Furthermore, Defendant failed and/or refused to pay Plaintiff ESTRADA and Class Members one (1) hour's pay at the employees' regular rate of pay as premium compensation for Defendant's failure to provide (1) timely meal periods and lawful ten (10) minute rest periods within the statutory time frames.

37. During the Class Period, Defendant required Plaintiff ESTRADA and Class Members to work regular hours, off-the-clock hours, and overtime hours without lawful compensation in violation of the applicable IWC Wage Order(s), regulations and statutes, and Defendant: (1) willfully failed and refused, and continues to fail and refuse to pay compensation for all hours worked, including lawful regular time and overtime compensation, as well as meal and rest period premiums, to Class Members; and (2) willfully failed and refused, and continues to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiff ESTRADA and affected Class Members.

38. Defendant issued Plaintiff ESTRADA and Plaintiff Class employer-branded shirts and aprons which, pursuant to work policies, had to be clean and professional each work shift. Defendant required Plaintiff ESTRADA and Plaintiff Class to wash and otherwise maintain the shirts and aprons which would get heavily soiled with food and grease during shifts without compensating them for their time or reimbursing them for expenses thus incurred. Unsurprisingly, given Plaintiff ESTRADA and Plaintiff Class worked in busy, high-volume restaurants, stains and heavy soiling were inevitable, such that Plaintiff ESTRADA and Plaintiff Class regularly and frequently washed the shirts and aprons, as frequently as two or three times each week.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

39.     Plaintiff ESTRADA and those Plaintiff Class Members who ended their employment with Defendant during the Class Period but were not timely paid the owed compensation for off-the-clock work performed and wages in the form of unpaid meal and rest period premiums, were not paid by Defendant all wages owed, upon the termination of their employment, as required by Labor Code sections 201, 202, 203, and are entitled to penalties as provided by Labor Code section 203.

40.     As a result of Defendant's failure to report on earnings statements: (1) the correct number of hours worked per pay period, including those hours worked off-the-clock before and after the regularly scheduled shift and during those times Plaintiff ESTRADA and Plaintiff Class were ostensibly on a duty-free meal period, and (2) the correct amount of wages owed, including those wages for off-the-clock work performed and wages in the form of rest and meal period premiums, Defendant failed to provide Plaintiff ESTRADA and Class Members with accurate itemized wage statements, in violation of Labor Code section 226.

41.     During the Class Period, Defendant was obligated to keep and maintain accurate payroll records for Plaintiff ESTRADA and all Class Members. Defendant's failure to keep and maintain said records as described above, constitutes violations of Labor Code section 226.7, thereby incurring statutory penalties.

## CLASS ALLEGATIONS

42.     Plaintiff ESTRADA brings this action on behalf of herself and all other similarly situated persons ("Plaintiff Class"), as a class action pursuant to Code of Civil Procedure section 382.  The Plaintiff Class is composed of and defined as follows: All persons who are employed or have been employed by Defendant, as non-exempt hourly employee, in the State of California, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

43.    Plaintiff ESTRADA further proposes the following subclasses:

a.  All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and were not paid all wages owed, including, but not limited to, the legally requisite regular time rate, overtime rate and/or double-time rate;

b.  All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and have not been provided a duty-free, thirty-minute meal period commencing no later than the end of the fifth (5th) hour of the shift, for all shifts of lengths more than five (5) hours, and were not provided compensation of one (1) hour's pay for each day on which such meal period(s) was not provided;

c.  All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and have not been provided a rest period for every four (4) hours, or major fraction thereof, worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period(s) was not provided;

d.  All persons who are employed or have been employed by Defendant in the State of California, and who, within the three (3)

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

years of the filing of the original complaint on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and have been terminated or resigned, and have not been paid wages pursuant to Labor Code section 203 and are owed restitution and waiting time penalties for unpaid wages;

e. All persons who are employed or have been employed by Defendant in the State of California, and who, within the one (1) year of the filing of the original complaint on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and were not provided an accurate payroll record or wage statement as required under Labor Code sections 226 and 1174;

f. All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and for whom Defendant failed to keep accurate payroll records;

g. All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint on December 9, 2021 to August 4, 2022, have worked as non-exempt restaurant employees and for whom Defendant failed to reimburse work-related expenses under Labor Code sections 2802; and

h. All persons who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years of the filing of the original complaint in this action on December 9, 2021 to August 4, 2022, have worked as non-exempt

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

restaurant and/or retail food sales employees and were subjected to unlawful and unfair business practices within the meaning of California's Unfair Competition Law and who suffered injury, including lost money, as a result of Defendant's unlawful and unfair business practices;

44.    Plaintiff ESTRADA reserves the right under rule 1855, subdivision (b) of the California Rules of Court, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

45.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

46.    This Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure section 382 because:

a.    The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

b.    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

c.    The Plaintiff Class is so numerous that it is impractical to bring all members of the Plaintiff Class before the Court;

d.    Plaintiff ESTRADA and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e.    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiff Class;

f. There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

g. Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

    i. Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish an incompatible standard of conduct for the Defendant; and/or

    ii. Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant(s); and

h. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

///
///
///
///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

## FIRST CAUSE OF ACTION

**Failure to Pay All Wages Including Regular, Minimum and Overtime Wages**

**(Plaintiff MARIA ESTRADA and Plaintiff Class Members against all Defendants)**

47.    Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

48.    Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

49.    Labor Code section 510, subdivision (a) provides that "[a]ny work in excess of eight (8) hours in one (1) workday and any work in excess of forty (40) hours in any one (1) workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one (1) workweek shall be compensated at the rate of no less than one and one-half (1 & ½) times the regular rate of pay for an employee."

50.    Labor Code section 510, subdivision (a) further provides that "[a]ny work in excess of twelve (12) hours in one (1) day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

51.    Labor Code section 1194 and applicable IWC Wage Orders make it unlawful for employers not to make required overtime and double time payments identified in the preceding paragraphs, and that employees not paid such payments can recover any monies owed through a civil action.

52.    Labor Code section 1194, 1194.2 and subdivision (4) of the applicable IWC Wage Order make it unlawful for employers not to pay the applicable minimum wage to all employees and that employees not paid such payments can recover any monies owed, including liquidated damages, through a civil action.

53.    Defendant has willfully violated the Labor Code by failing to pay Plaintiff ESTRADA and Plaintiff Class all wages. Plaintiff ESTRADA and Plaintiff

Class were denied wages as a result of Defendant's policy and practice of failing to compensate Plaintiff ESTRADA and Plaintiff Class for all regular, minimum and overtime hours worked. Further, Defendant has regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including regular time, overtime, double-time and remuneration when calculating the employees' regular rate of pay, as herein alleged. Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of wages and other benefits in violation of the Labor Code and the applicable IWC Wage Order(s). Defendant is thereby able to reduce its overhead and operating expenses and gain an unfair advantage over competing roofing companies who comply with state law.

54. Additionally, Plaintiff ESTRADA and Plaintiff Class members regularly worked in excess of eight (8) hours per day. Defendant failed to pay Plaintiff ESTRADA and Plaintiff Class members overtime premium for hours worked in excess of eight (8) hours. Defendant failed to schedule Plaintiff ESTRADA and Plaintiff Class members in such a manner that allowed Plaintiff ESTRADA and Plaintiff Class members to be relieved of their shift immediately, thereby causing Plaintiff ESTRADA and Plaintiff Class members to work in excess of eight (8) hours per day. As such, Plaintiff ESTRADA and Plaintiff Class seek overtime in an amount according to proof. Pursuant to Labor Code section 1194, the Plaintiff Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this Complaint, according to proof.

Additionally, Plaintiff ESTRADA and Plaintiff Class members are entitled to attorneys' fees, costs, pursuant to California Labor Code section 1194 and prejudgment interest.

## SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods or Compensation in Lieu Thereof**

**(Plaintiff MARIA ESTRADA and Plaintiff Class against all Defendants)**

55.    Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

56.    California Labor Code section 512 and California Code of Regulations, Title 8, § 11150 (11) provides that employers authorize and permit all employees to take meal periods or at least thirty (30) duty-free minutes commencing no later than at the end of the fifth (5th) hour of work, when the work shift exceeds five (5) hours.

57.    California Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide an employee meal periods in accordance with Labor Code section 512 and/or 8 CCR §11150 (11), the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in a compliant manner.

58.    During the Class Period, Defendant was obligated to provide Plaintiff ESTRADA and Plaintiff Class with a thirty (30) minute, duty-free meal period for each and every work shift exceeding five (5) hours, commencing no later than the end of the fifth (5th) hour of the shift. Defendant prevented Plaintiff ESTRADA and Class Members from taking timely and otherwise compliant meal periods throughout their shifts. This was due in part to Defendant's policy and practice of requiring employees to prioritize completion of work tasks ahead of timely meal period compliance.

59.    At all times relevant hereto, Plaintiff ESTRADA and Plaintiff Class have worked shifts of more than five (5) hours in a workday.

60.    By virtue of the Defendant's unlawful failure to provide legally compliant meal periods to Plaintiff ESTRADA and Plaintiff Class as a result of

their non-compliant scheduling and shift relief system, Plaintiff ESTRADA and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

61.    Plaintiff ESTRADA, herself and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code section 226.7, which she is owed beginning four (4) years prior to filing the original complaint on December 9, 2021 to August 4, 2022, as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute and/or regulation.

## THIRD CAUSE OF ACTION

**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Plaintiff MARIA ESTRADA and Plaintiff Class against all Defendants)**

62.    Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

63.    California Labor Code section 226.7 and California Code of Regulations, Title 8, §11150 (12) provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

64.    California Labor Code section 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

65.    Defendant, and each of them, failed and or refused to implement a legally compliant relief system by which Plaintiff ESTRADA and Plaintiff Class could receive rest periods and/or work free rest periods. Furthermore, due to Defendant's non-compliant relief system, Plaintiff ESTRADA and Plaintiff Class

did not receive their rest periods within the required statutory time frame. By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiff ESTRADA and Plaintiff Class in violation of Labor Code sections 226.7 and 8 CCR §11050, subdivision 12).

66.    At all times relevant hereto, Plaintiff ESTRADA and Plaintiff Class have worked shifts of four (4) hours or more in a workday.

67.    By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff ESTRADA and Plaintiff Class as a result of their scheduling and non-compliant shift relief system, Plaintiff ESTRADA and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

68.    Plaintiff ESTRADA, herself and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code § 226.7, which she is owed beginning four (4) years prior to the filing of the original complaint on December 9, 2021 to August 4, 2022, as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute and/or regulation.

## FOURTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

**(Plaintiff MARIA ESTRADA and Plaintiff Class against all Defendants)**

69.    Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

70.    Labor Code section 1174, subdivision (d) requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiff ESTRADA is informed and believes that

Defendant willfully failed to make or keep accurate records for Plaintiff ESTRADA and Plaintiff Class.

71.     Labor Code section 226, subdivision (a) states that, "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee; (3) all deductions; (4) net wages; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee."

72.     Industrial Welfare Commission ("IWC") Wage Order Number 5-2002, paragraph (7) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff ESTRADA is informed and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff ESTRADA and Plaintiff Class. Specifically, Plaintiff ESTRADA believes that Defendant's records do not accurately reflect the hours Plaintiff ESTRADA and Plaintiff Class worked off-the-clock, the hours Plaintiff ESTRADA and Plaintiff Class worked during their meal periods and the hours Plaintiff ESTRADA and Plaintiff Class worked in excess of eight (8) hours per day,

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

the wages owed for the off-the-clock and overtime hours, as well as the wages owed in the form of statutory premiums for non-compliant meal and rest periods.

73.     Plaintiff ESTRADA is informed and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code, sections 226 and 1174(d) and the applicable wage order.  Plaintiff ESTRADA and the Plaintiff Class are entitled to penalties of one hundred dollars ($100.00) for the initial violation and two hundred dollars ($200.00) for each subsequent violation for every pay period during which these records and information was not kept by Defendant.

74.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code sections 226 and 1174, subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorney's fees.

75.     Plaintiff ESTRADA is informed and believes that Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff ESTRADA and Plaintiff Class are entitled to a statutory penalty of five hundred dollars ($500.00) for Plaintiff ESTRADA and each member of Plaintiff Class pursuant to Labor Code section 1174.5.

## **FIFTH CAUSE OF ACTION**

### **Failure to Pay Wages of Terminated or Resigned Employees**

### **(Plaintiff MARIA ESTRADA and Plaintiff Class against all Defendants)**

76.     Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

77.    Plaintiff ESTRADA and certain members of the Plaintiff Class who ended their employment with Defendants during the Class Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Labor Code sections 201, 202, 203.    Defendants refused and/or failed to promptly compensate Plaintiff ESTRADA and Plaintiff Class wages owed as a result of their failure to provide meal and rest periods as well as pay off-the-clock and/or overtime compensation. Pursuant to Labor Code section 203, Plaintiff ESTRADA and Plaintiff Class seek the payment of penalties pursuant to Labor Code section 203, according to proof.

78.    Accordingly, Plaintiff ESTRADA and Plaintiff Class are entitled to attorney's fees, and costs, pursuant to Labor Code section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse for Necessary Business Expenditures

### (Labor Code §§ 2802, *et seq.*)

### (Plaintiff MARIA ESTRADA Against All Defendants)

79.    Plaintiff ESTRADA incorporates by reference and realleges the above paragraphs as though set forth fully herein.

80.    Defendants maintain a company-wide policy of requiring its employees to wear Denny's-branded shirts and aprons which would be heavily soiled with food and grease, which employees are required to be clean and otherwise maintain on a regular basis without compensation or reimbursement of expenses thus incurred. Therefore, Defendant violated Labor Code section 2802.

81.    Labor Code section 2802 requires employers to indemnify employees for any expenses incurred as a direct consequence of employment or at the direction of the employer. The purpose of Labor Code section 2802 is "'to prevent employers

from passing their operating expenses on to their employees.'" *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1143–1144.

82.    IWC Wage Order 5-2001, ¶ 9(A) provides: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided *and maintained* by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design and color." [Emphasis added].

83.    Because Plaintiff ESTRADA and Class Members were working with food products, their uniforms would be heavily soiled at the end of the day with food stains, grease, and odors. Such soiling required Plaintiff ESTRADA and Class Members to wash their uniforms after every shift separate and apart from their regular laundry such that the employer was required to pay for the cleaning or maintenance.

84.    Accordingly, Plaintiff ESTRADA and Plaintiff Class seek reimbursement, plus interest, for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties regarding their required uniform, including reasonable attorney's fees and costs, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Unfair Competition Law

### (Plaintiff MARIA ESTRADA and Plaintiff Class against all Defendants)

85.    Plaintiff ESTRADA and Plaintiff Class reallege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

86.    Business and Professions Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "unfair competition Law") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

- 25 -

87.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL"). (Bus. & Prof. Code, § 17204.)

88.    Labor Code section 90.5, subdivision (a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

89.    Beginning at an exact date unknown to Plaintiff ESTRADA, but at least four (4) years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of Labor Code sections 204, 226, 510, 1174, 1197, 1198, 226.7 and 512 as well as other statutes.

90.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code section 17200 et. seq.

91.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code section 17200 et. seq.  Among other things, the acts and practices have forced Plaintiff ESTRADA and other similarly situated employees to labor for many hours without receiving rest periods and overtime compensation, to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

92.     As a result of Defendant's acts, Plaintiff ESTRADA and Plaintiff Class have suffered injury in fact in being denied their statutorily entitled rest periods and full compensation for hours of labor.  As a result of Defendant's unlawful acts of unfair competition, Plaintiff ESTRADA and Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

93.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff ESTRADA and Plaintiff Class have suffered lost wages in an amount to be proven at trial.

94.     Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

95.     Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff ESTRADA and Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

96.     Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." (Bus. & Prof. Code, § 17202.) Plaintiff ESTRADA and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

97.     Plaintiff ESTRADA's success in this action will enforce important rights affecting public interest, and in that regard, Plaintiff ESTRADA sues on behalf of the general public, as well as themselves and other similarly situated employees. Plaintiff ESTRADA and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owed to them.

98.     Plaintiff ESTRADA herein takes upon herself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff ESTRADA by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civ. Proc. section 1021.5 and otherwise.

## EIGHTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act

### (Plaintiff MYRA DELEON against Defendant)

99.     Labor Code sections 2698 through 2699 - The Labor Code Private Attorney's General Act of 2004 provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

100.   Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

101.  At all relevant times herein, Plaintiff DELEON was employed by Defendant during the defined PAGA Period in a non-exempt hourly capacity. Each of the aggrieved employees are an identifiable, current, and/or former similarly situated person who was employed in a non-exempt hourly position in California for Defendant during the defined PAGA Period.

102.  Pursuant to the Private Attorney Generals Act ("PAGA"), on October 16, 2019, Plaintiff DELEON gave written notice to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant of the specified provisions of the Labor Code alleged to have been violated, including the facts and theories that support the alleged violation as required by Labor Code section 2699.3. (LWDA Case No. LWDA-CM-753146-19.) A true and correct copy of Plaintiff's notice sent to the LWDA, dated October 16, 2019 respectively, is attached hereto as **Exhibit A**.

103.  Plaintiff DELEON alleges all aggrieved employees are entitled to recovery of civil penalties for alleged violations of Labor Code sections 201-204, 221-225.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197 and 2802 as well as IWC Wage Order No. 5, sections 3, 5, 9, 11 and 12 for the time period of October 16, 2018 through August 4, 2022 (the PAGA Period).

104.  Specifically, Plaintiff DELEON, individually, and on behalf of the aggrieved employees, asserts that they are entitled to recover civil penalties under PAGA for the following alleged violations:

  a.  Defendant has willfully violated the Labor Code by failing to pay Plaintiff DELEON and the aggrieved employees all wages. Plaintiff DELEON and the aggrieved employees were denied wages as a result of Defendant's policy and practice of failing to compensate Plaintiff DELEON and the aggrieved employees for all regular, minimum and overtime hours worked. Further, Defendant has

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including regular time, overtime, double-time and remuneration when calculating the employee's regular rate of pay, as herein alleged. Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of wages and other benefits in violation of the Labor Code and the applicable IWC Wage Order(s). Defendant is thereby able to reduce its overhead and operating expenses and gain an unfair advantage over competing roofing companies who comply with state law.

b. Additionally, Plaintiff DELEON and the aggrieved employees regularly worked in excess of eight (8) hours per day. Defendant failed to pay Plaintiff DELEON and the aggrieved employees overtime premium for hours worked in excess of eight (8) hours. Defendant failed to schedule Plaintiff DELEON and aggrieved employees in such a manner that allowed Plaintiff DELEON and aggrieved employees to be relieved of their shift immediately, thereby causing Plaintiff DELEON and aggrieved employees to work in excess of eight (8) hours per day.

c. During the PAGA Period, Defendant was obligated to provide Plaintiff DELEON and aggrieved employees with a thirty (30) minute, duty-free meal period for each and every work shift exceeding five (5) hours, commencing no later than the end of the fifth (5th) hour of the shift. Defendant prevented Plaintiff DELEON and aggrieved employees from taking timely and otherwise compliant meal periods throughout their shifts. This was due in part to Defendant's policy and practice of requiring employees to

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

prioritize completion of work tasks ahead of timely meal period compliance.

d. Defendant, and each of them, failed and/or refused to implement a legally compliant relief system by which Plaintiff DELEON and aggrieved employees could receive rest periods and/or work-free rest periods. Furthermore, due to Defendant's non-compliant relief system, Plaintiff DELEON and aggrieved employees did not receive their rest periods within the required statutory time frame. By and through their actions, Defendant intentionally and improperly denied rest periods to Plaintiff DELEON and the aggrieved employees in violation of Labor Code sections 226.7 and 8 CCR section 11050, subdivision 12.

e. Plaintiff DELEON is informed and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff DELEON and the aggrieved employees.  Specifically, Plaintiff DELEON believes that Defendant's records do not accurately reflect the hours Plaintiff DELEON and the aggrieved employees  worked off-the-clock, the hours Plaintiff DELEON and aggrieved employees worked during their meal periods and the hours Plaintiff DELEON and aggrieved employees worked in excess of eight (8) hours per day, the wages owed for said off-the-clock and overtime hours, as well as the wages owed in the form of statutory premiums for non-compliant meal and rest periods. Plaintiff DELEON is informed and believes that Defendant's failure to keep accurate payroll records violated Labor Code, sections 226 and 1174, subdivision (d) and the

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

applicable wage order for every pay period during which these records and information were not kept by Defendant.

f.   Plaintiff DELEON and certain members of the similarly aggrieved employees who ended their employment with Defendant during the PAGA Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Labor Code sections 201-203.   Defendant refused and/or failed to promptly compensate Plaintiff DELEON and aggrieved employees' wages owed as a result of their failure to provide meal and rest periods as well as pay off-the-clock and/or overtime compensation.

105.   Plaintiff DELEON, individually and on behalf of all aggrieved employees, requests and is entitled to penalties pursuant to Labor Code sections 2698-2699; attorneys' fees pursuant to Labor Code sections 2698-2699, costs pursuant to Labor Code sections 2698-2699, and for all such other and further relief as the Court may deem just and proper against Defendant.

## PRAYER FOR RELIEF AS TO PLAINTIFF ESTRADA AND PLAINTIFF CLASS

WHEREFORE, Plaintiff ESTRADA and Plaintiff Class pray for judgment as follows:

1.   For nominal damages;

2.   For compensatory damages;

3.   For restitution of all monies due to Plaintiff ESTRADA and Plaintiff Class;

4.   For waiting time penalties pursuant to Labor Code section 203, on behalf of the terminated or resigned employees;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

5. For penalties pursuant to Labor Code sections 226, 226(e), 226.7, 512, 1174 and 1194.2 and as provided for by Labor Code section 2699;

6. For interest accrued to date;

7. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

8. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of Bus. & Prof. Code sections 17200, et seq., and declaring Defendant has unlawfully treated Plaintiff ESTRADA and Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay wages to former employees, Plaintiff ESTRADA and other certain members of Plaintiff Class, failed to provide Plaintiff ESTRADA and Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiff ESTRADA and Plaintiff Class are entitled to;

9. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

10. For reasonable attorneys' fees pursuant to Labor Code sections 226 and 1194; and

11. For all such other and further relief as the Court may deem just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

## PRAYER FOR RELIEF AS TO PLAINTIFF DELEON

WHEREFORE, Plaintiff DELEON and similarly aggrieved employees pray for judgment as follows:

1. For civil penalties and reasonable attorneys' fees and costs pursuant to Labor Code sections 2698, and 2699, *et seq*.


Dated: May 16, 2023                           **MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
Katherine J. Odenbreit
Attorneys for Plaintiffs MARIA
ESTRADA and MYRA DELEON,
individually and on behalf of all
similarly situated employees

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

## **DEMAND FOR JURY TRIAL**

Plaintiffs MARIA ESTRADA and MYRA DELEON hereby demand a jury trial on all issues so triable.

Dated: May 16, 2023

**MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
Katherine J. Odenbreit, Esq.
Attorneys for Plaintiffs MARIA ESTRADA and MYRA DELEON, as an individual and on behalf of all similarly situated employees

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE RELIEF AND RESTITUTION

**EXHIBIT A**



Edward Kim, Esq.
562.590.5550 phone
562.590.8400 facsimile
ekim@mahoney-law.net

October 16, 2019

**VIA ELECTRONIC FILING**
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator
https://dir.tfaforms.net/128

**VIA U.S. CERTIFIED MAIL** 7019 0700 0001 7488 3034
*Return Receipt Requested*
Denny's Inc.
*Attn: J. Scott Melton*
203 East Main Street
Spartanburg SC 29319

*Re:*    *Myra DeLeon and Kara Jimenez v. Denny's Inc.*

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
LABOR CODE SECTION § 2698 et seq.**

To:    California Labor and Workforce Development Agency, Denny's Inc.

From:  Myra DeLeon and Karla Jimenez, on behalf of themselves individually, regarding the
Labor Code statutes and violations as set forth below as set forth below.

**Factual Statement**

Please note that this firm, Mahoney Law Group, APC, represents the interests of Ms. Myra DeLeon and Karla Jimenez ("Employee"), who intends to file a complaint alleging various Labor Code violations and seeking civil penalties under the Private Attorneys General Act of 2004, Labor Code section 2698 et seq. ("PAGA") on behalf of herself.

**Theories of Labor Code Violations and Remedies**

Denny's Inc. ("Employer") owns and operates family restaurants throughout California. Employees allege Employer violated various sections of the Labor Code, including sections 201, 202, 203, 204, 221-225.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, and 2802, as well as Wage Order no. 5, subdivisions 3, 5, 9, 11 and 12, by failing to provide Employees  and all other aggrieved employees all wages for all hours worked including, but not limited to, overtime wages,

LABOR AND WORKFORCE DEVELOPMENT AGENCY
October 16, 2019
Page **2** of **3**

regular hours, meal/rest period premium pay and business related reimbursements.

Employer failed to pay Employee and other aggrieved employees for all hours worked at the legally mandated wage rates for all hours worked. Specifically, Employer failed to pay Employee and their co-workers the legally mandated overtime rate for all work performed during their shifts in violation of California law. At Employer's direction, Employee and similarly aggrieved employees performed work off-the-clock during meal and rest periods when Employee and other employees were ostensibly off-duty, which was not compensated. Moreover, when Employee and other aggrieved employees worked off-the-clock hours during their phantom meal periods during shifts greater than eight hours, the additional work time should have been compensated at the legally mandated overtime rate.

Based on currently available information and records, Employers did not keep accurate time records in violation of the Labor Code, the applicable wage order, and actionable under PAGA. Employer failed to keep accurate time records reflecting the actual time Employee and similarly aggrieved employees began and ended their meal periods. Employer required Employee and other aggrieved employees to clock in and out for meal periods and deducted meal period times even when no meal period was actually taken, the timekeeping by Employer was non-compliant under Labor Code section 1174 and California Code of Regulations, Title 8, section 11050, subdivision 7.

Further, Employer also failed to provide Employees and other aggrieved employees with timely meal and rest periods. In order to curtail labor costs, Employer understaffed work shifts in relation to reasonably foreseeable customer volume. Due to Employer's policy and practices which prioritized work tasks over rest and meal period compliance, Employees and similarly aggrieved employees missed meal and rest periods, received them untimely or had their meal and rest periods interrupted, due the lack of adequate relief coverage. Even though Employees and their co-workers were prevented from taking lawful timely uninterrupted meal and rest periods, Employer failed to provide them with premium pay for every untimely or uninterrupted meal period and rest periods. Employer's conduct, which is in violation of Labor Code sections 226.7, 512, as well as 8 CCR §11050, subdivisions 11 and 12, is also actionable under PAGA.

As a result of Employer's failure to pay all wages owed as described herein, Employer further failed to keep accurate payroll records and failed to provide Employee and other aggrieved employees with complete and accurate wage statements showing the true number of hours worked and accurate overtime/premium wages earned per pay period. This conduct is in violation of Labor Code sections 226 and 1174 and is actionable under PAGA.

As a further result of Employer's failure to pay all wages owed as described herein, Employer also violated Labor Code sections 201, 202, and 203, due to its uniform policy, practice and procedure of failing to pay all wages earned to former employees.

Employer further failed to reimburse Employee and similarly aggrieved employees for work-related expenses relating to the employee-care of Employer's uniforms. Specifically, Employer issued to Employee and similarly aggrieved employees Denny's-branded shirts and

LABOR AND WORKFORCE DEVELOPMENT AGENCY
October 16, 2019
Page **3** of **3**

aprons which, pursuant to work policies, had to be clean and professional each work shift. Employer required Employee and other aggrieved employees to wash and otherwise maintain the shirts and aprons without compensating them for their time or reimbursing them for expenses thus incurred. Unsurprisingly, given Employee and other aggrieved employees worked in busy, high-volume restaurants, stains and soiling were inevitable, such that Employee and similarly aggrieved employees regularly and frequently washed the shirts and aprons, as frequently as two or three times each week. Violations of Labor Code section 2802 are actionable under PAGA.

Employee will bring their lawsuit on behalf of themselves and all other aggrieved employees who were employed by Employer. Please advise if the LWDA has any objection to my client including PAGA claims in his complaint. We look forward to your response, and please feel free to contact our office if you have any questions, comments or concerns.

Sincerely,

Edward Kim, Esq.
**MAHONEY LAW GROUP, APC**