Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Raleigh Dixon (SBN: 340483)
rdixon@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone:   (562) 590-5550
Facsimile:   (562) 590-8400

Attorneys for Plaintiff MARIA ESTRADA, as an individual and on behalf of all similarly situated employees.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTRADA, as individuals and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>DENNY'S INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:22-CV-00572-SPG(AGRx)<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING**<br><br>Assigned for all purposes to:<br>Hon. Sherilyn P. Garnett, Ct. Rm 5C<br><br>Date:              November 29, 2023<br>Time:              1:30 p.m.<br>Courtroom:     5C<br><br>Action Filed:   December 9, 2021<br>Removed:        January 26, 2022<br>Trial Date:       None Yet Set |

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 29, 2023, at 1:30 p.m. in the above-entitled court, pursuant to Federal Rule of Civil Procedure 23, Plaintiff Maria Estrada ("Plaintiff Estrada") and Representative Plaintiff Myra DeLeon ("Plaintiff De Leon" or "PAGA Representative Plaintiff") (jointly referred to as "Plaintiffs") will move for approval of the Class Action Settlement and PAGA Settlement entered into between Plaintiff and Denny's, Inc. ("Defendant" or "Denny's") (Plaintiff and Defendants are referred to collectively as the "Parties") which is memorialized in the Parties' "Class Action and PAGA Settlement Agreement and Notice." ("Settlement Agreement" or "Agreement").

The Parties will further move the Court for an Order:

1.    Certifying for settlement purposes only a Class defined as all individuals who worked for Denny's, Inc. in California as non-exempt hourly employees at any location in California during the time period from December 9, 2017 to August 4, 2022 ("Class Period");

2.    Preliminarily approving the PAGA Settlement Amount;

3.    Appointing Plaintiff Estrada as Class Representative for settlement purposes;

4.    Appointing Plaintiff DeLeon as the PAGA Representative Plaintiff for settlement purposes;

5.    Appointing Plaintiff's counsel, Kevin Mahoney, Katherine J. Odenbreit and Raleigh P. Dixon of MAHONEY LAW GROUP, APC, as Class Counsel for settlement purposes;

6.    Approving Phoenix Class Action Administrators as Settlement Administrators;

/-/-/

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

7.    Approving the form and content of the Class Notice ("Notice"), and directing the mailing of same;

8.    Approving the opt-out and objection procedures provided in the Settlement Agreement and set forth in the Notice;

9.    Directing Defendant to furnish the Settlement Administrator with fifteen (15) business days after the Court grants preliminary approval of the Settlement the Class Data as defined in the Settlement Agreement which shall be compiled in good faith from Defendant's records to include for each Class Member: (1) Class Member's name, (2) last known mailing address, (3) telephone number, (4) Social Security number, and number of Class Period Workweeks and PAGA Pay Periods; and

10.    Setting a Final Approval Hearing.

The motion will be based upon this notice, the attached memorandum of points and authorities, the Declarations of Katherine Odenbreit, Class Representative Plaintiff Maria Estrada, PAGA Representative Myra De Leon, Administrator Representative Mike Moore, and Matthew Farmer and Andrew Sippel for Defendant concurrently filed herewith, the records and files in this action, and any other further evidence or argument that the Court may properly receive at or before the hearing.

Date: October 27, 2023             **MAHONEY LAW GROUP, APC**

*By:* _____

Kevin Mahoney
Katherine J. Odenbreit
Attorneys for Plaintiff Estrada, as an individual and on behalf of similarly situated employees and Plaintiff Myra De Leon, as an individual and on behalf of the State of California and all aggrieved employees

3

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

  A.  The Parties ................................................................... 2

  B.  Defendant...................................................................... 3

  C.  Procedural History and Plaintiff's Claims.................................. 3

    i.    *Deleon v. Denny's* (PAGA Action)................................. 3

    ii.   *Estrada v. Denny's* (Class Action) ............................ 4

    iii.  Mediation ................................................................. 5

III.  SUMMARY OF SETTLEMENT TERMS .......................................... 6

  A.  Monetary Terms ............................................................. 6

IV.   LEGAL STANDARD FOR APPROVAL OF SETTLMENT..................... 8

V.    CONDITIONAL CERTIFICATION ............................................... 8

  A.  Numerosity ................................................................... 9

  B.  Commonality ................................................................. 9

  C.  Typicality.................................................................... 10

  D.  Adequacy of Representation............................................. 11

  D.  Conditional Certification Pursuant to FRCP 23(b)(3) is  Appropriate as Common Questions Predominate ........................................ 12

IV.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE................................................................... 14

  A.  The Proposed Settlement Was the Product of Serious, Informed, Non-Collusive Negotiations........................................................ 15

  B.  There Are No Obvious Deficiencies in the Settlement ............... 16

  C.  Balancing of the Factors ................................................. 17

VII.  THE PROPOSED NOTICE IS APPROPRIATE AND SATISFIES DUE PROCESS ................................................................... 21

MEMORANDUM OF POINTS AND AUTHORITIES

VIII.    A FINAL APPROVAL HEARING SHOULD BE SCHEDULED.......... 23

IX.    CONCLUSION ............................................................................. 23

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Cases                                                                                                          Pages

*Acosta v. Trans Union, LLC,*
   243 F.R.D. 377 (C.D. Cal. 2007) ................................................................ 16, 21

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) ................................................................ 15, 20, 21, 24

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001) ................................................................ 17

*Boyd v. Bechtel Corp.,*
   485 F. Supp. 610 (N.D. Cal. 1979) ................................................................ 25

*Brinker Restaurant Corp. v. Superior Court,*
   53 Cal.4th 1004 (2012) ................................................................ 18

*Brotherton v. Cleveland,*
   (S.D. Ohio 2001) 141 F.Supp.2d 907 ................................................................ 28

*Campbell v. First Investors Corp.,*
   2012 WL 5373423 (S.D.Cal. Oct. 29, 2012) ................................................................ 22

*Chu v. Wells Fargo Investments, LLC,*
   2011 WL 672645 (N.D. Cal., Feb. 16, 2011) ................................................................ 27

*Comcast Corp. v. Behrend,*
   133 S. Ct. 1426 (2013) ................................................................ 20

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,*
   (S.D. Ohio 1991) 137 F.R.D. 240 ................................................................ 28

*Franco v. Ruiz Food Products, Inc.,*
   2012 WL 5941801 (E.D. Cal., Nov. 27, 2012) ................................................................ 27

*Garcia v. Gordon Trucking, Inc.,*
   2012 WL 5364575 (E.D. Cal., Oct. 31, 2012) ................................................................ 27

*/-/-/*

MEMORANDUM OF POINTS AND AUTHORITIES

*Gonzalez v. CoreCivil of Tenn., LLC,*
  2018 WL 4388425 (E.D.Cal. Sept. 13, 2018)..................................................26

*H&R Block Stores, Inc. v. Visa U.S.A., Inc.,*
  396 F.3d 96 (2d Cir. 2005)........................................................................25

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 2015).............................................................Passim

*Hanlon v. Dataproducts Corp.,*
  976 F.2d 497 (9th Cir.1992)......................................................................18

*Hollis v. Union Pac. R.R. Co.,*
  2018 WL 6273014 (C.D.Cal. Mar. 6, 2018).................................................22

*In re Bluetooth Headset Prod. Liab. Litig.,*
  654 F.3d 935 (9th Cir.2011)......................................................................28

*In re Immune Response Secur. Litig.,*
  497 F.Supp.2d 1166 (S.D. Cal. 2007)........................................................23

*In re Online DVD-Rental Antitrust Litig.,*
  779 F.3d 934 (9th Cir. 2015).....................................................................27

*In re Syncor ERISA Litig.,*
  516 F.3d 1095 (9th Cir. 2008)...................................................................15

*In re Tableware Antitrust Litig.,*
  484 F.Supp.2d 1078 (N.D.Cal. 2007)........................................................22

*Just Film, Inc. v. Bruono,*
  847 F.3d 1108 (9th Cir.2017)....................................................................18

*Keegan v. Am. Honda Motor Co.,*
  254 F.R.D. 504 (C.D. Cal. 2012) ..............................................................16

*Kirkorian v. Borelli,*
  695 F. Supp. 446 (N.D. Cal. 1988) ...........................................................25

*/-/-/*

MEMORANDUM OF POINTS AND AUTHORITIES

*Kullar v. Foot Locker Retail, Inc.*,

(2008) 168 Cal.App.4th 116 ............................................................ 25

*Linney v. Cellular Alaska Partnership*,

(9th Cir. 1998) 151 F.3d 1234 ..................................................... 23, 24

*Molski v. Gleich*,

(9th Cir. 2003) 318 F.3d 937 .......................................................... 24

*Monterrubio v. Best Buy Stores, L.P.*,

291 F.R.D. 443 (E.D.Cal.2013) ...................................................... 28

*Parsons v. Ryan*,

754 F.3d 657 (9th Cir. 2014) .......................................................... 17

*Rodriguez v. W. Publ'g Corp.*,

563 F.3d 948 (9th Cir. 2009) ...................................................... 22, 27

*Spann v. J.C. Penney Corp.*,

341 F.R.D. 312 (C.D.Cal. 2016) ...................................................... 22

*Staton v. Boeing. Co.*,

327 F.3d 938 (9th Cir. 2003) .......................................................... 25

*Staton*,

327 F.3d ...................................................................................... 27

*Visceral v. Mistras Group, Inc.*,

2016 WL 5907869 (N.D.Cal. Oct. 11, 2016) ................................... 26

*Vizcaino v. Microsoft Corp.*,

290 F.3d 1043 (9th Cir.2002) .......................................................... 28

*Wal-Mart Stores, Inc. v. Dukes*,

131 S.Ct. 2541 (2011) .................................................................... 12

*Wal-Mart Stores, Inc. v. Dukes*,

504 U.S. 338 (2011) ....................................................................... 17

*/-/-/*

MEMORANDUM OF POINTS AND AUTHORITIES

*Wolin v. Jaguar Land Rover N. Amer., LLC,*

   617 F.3d 1168 (9th Cir.2010)................................................................. 18


## Statutes

Bus. & Prof. Code, § 17200 ..................................................................... 8

California Labor Code section 2698 ........................................................ 14

California Labor Code section 2699(i) .................................................... 14

California Labor Code sections 203 and 226........................................... 21


## Rules

Fed.R.Civ.P. 23(c)(2)(B) ........................................................................ 29

Fed.R.Civ.P. 23(h) .................................................................................. 28

Federal Rule of Civil Procedure 23 ................................................Passim

Federal Rules of Civil Procedure 23(e)(1)(B) ....................................... 29

FRCP 23(b)(3)........................................................................... 19, 20, 21

Rule 23(a) and 23(b) ............................................................................... 16

Rule 23(a) of the Federal Rules of Civil Procedure ................... 15, 16, 19

Rule 23(a)(2) ........................................................................................... 20

Rule 23(a)(3) ........................................................................................... 18

Rule 23(a)(4) ........................................................................................... 19

Rule 23(b)................................................................................................ 16

Rule 23(e) ............................................................................................... 15

Rule 23(e)(2) ........................................................................................... 17

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Maria Estrada ("Plaintiff Estrada") and Representative Plaintiff Myra De Leon ("Plaintiff DeLeon" or "PAGA Representative Plaintiff") (jointly referred to as "Plaintiffs") submits this memorandum in support of this Joint Motion for Preliminary Approval of Class Action Settlement.  Plaintiff Estrada and Plaintiff De Leon (jointly referred to as "Plaintiffs").  The Parties negotiated the proposed Settlement at arms' length.  It is fair and reasonable and will dispose of this class action and PAGA action in their entirety.

## I.    INTRODUCTION

Plaintiffs are former non-exempt hourly workers who worked for Defendant in the State of California between December 9, 2017 to August 4, 2022 ("Class Period"). On December 9, 2021, Plaintiff Estrada filed this wage and hour class action, alleging that Defendant violated California labor laws by failing to pay wages for all hours worked, failing to pay overtime, failing to timely pay wages to employees whose employment had terminated, failing to reimburse employees for necessary expenditures and failing to provide accurate itemized wage statements. Plaintiff Estrada further alleges that Defendants violated the unfair competition law (Bus. & Prof. Code, § 17200, *et seq.*). (Declaration of Katherine J. Odenbreit ("Odenbreit Dec."), ¶x.)  On June 2, 2020, Representative Plaintiff De Leon filed an action in the Los Angeles Superior Court for alleged violations of the California Private Attorney Generals Act ("PAGA").[1] Plaintiff De Leon alleges Defendant violated the following sections of the California Labor Code for which she sought civil penalties on behalf of the State of California and all aggrieved employees: 201, 202, 203, 204, 221-225.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, and 2802 as well as Wage Order No. 5, subdivisions 3, 5, 9, 11 and 12. Pursuant to the Settlement Agreement, a request for Leave to File a First Amended Consolidated

---

[1] Plaintiff DeLeon also previously filed a putative class action against Defendant which was subsequently dismissed. (Odenbreit Dec., ¶6.)

Complaint was filed with this Court. (ECF Dkt. Nos. 36-45.)  The PAGA Action was subsequently dismissed in the State Court. (Odenbreit Dec., ¶5.)

Defendants deny all allegations. Plaintiff Estrada brought this class action lawsuit on behalf of herself and all currently and formerly employed non-exempt hours employees of Defendant's in the state of California from four (4) years prior to the commencement of this action through August 4, 2022. Representative PAGA Plaintiff De Leon brought the PAGA Action as a on behalf of herself and as a representative of the State of California and all aggrieved employees who worked at a Denny's at any time from October 16, 2018 to August 4, 2022 and now seeks preliminary approval of the Settlement Agreement, which will resolve this action in its entirety. (Odenbreit Dec., Exhibit A.)

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Plaintiff Estrada worked as an hourly, non-exempt line cook for Denny's at one of its restaurants in Los Angeles, California, from approximately 2004 to approximately December 9, 2019. Plaintiff Estrada's main duties throughout her employment involved preparing food, cooking food, and keeping her workspace clean. (Declaration of Maria Estrada ("Estrada Dec."), ¶3)

Plaintiff Deleon worked as an hourly, non-exempt waitress for Denny's at one of its restaurants in Hollywood, California, from approximately September 2014 to approximately September 24, 2019. Plaintiff Deleon's main duties throughout her employment involved taking customers' food and drink orders, relaying those orders to the kitchen, and serving the customers' food. (Declaration of Myra DeLeon ("DeLeon Dec."), ¶3.)

Plaintiffs and Class Members worked in Denny's restaurants in California as non-exempt hourly paid employees from December 9, 2017 to August 4, 2022. (Odenbreit Dec., Ex. A, ¶1.4.)

MEMORANDUM OF POINTS AND AUTHORITIES

## B.    Defendant

Defendant Denny's, Inc. admits that it is the employer of the alleged aggrieved employees and the putative class. Denny's operates a chain of fast-food restaurants throughout California known by the name "Denny's." It currently owns and operates approximately three hundred sixty-eight (368) Denny's Restaurants throughout California.

## C.    Procedural History and Plaintiff's Claims

### i. *Deleon v. Denny's* (PAGA Action), Case No.: 20STCV20769

This is/was a Private Attorney General Act ("PAGA') representative action for violations of the California Labor Code and applicable IWC Wage orders brought by Plaintiff Myra Deleon ("Representative Plaintiff Deleon") against Defendant, and on behalf of the State of California and all hourly, non-exempt aggrieved employees who worked for Defendant at a corporate-owned Denny's restaurant location in California filed in the Los Angeles Superior Court on June 2, 2020. The matter was pending before the Honorable Elaine Lu, Superior Court of Los Angeles – Stanley Mosk, Department 26. Plaintiff DeLeon's allegations involve seeking civil penalties involve the following alleged Labor Code violations: 210-204, 221-225.5, 226, 510, 512, 558, 1174, 1194, 1197 and 2802. (Odenbreit Dec., Ex. C: PAGA Notice Letter.)[2] The PAGA action was filed as a separate case from a putative class in which Plaintiff DeLeon sought to represent the same class of employees at issue in the matter before this Court. That matter was subsequently dismissed. (Odenbreit Dec., ¶5.) Trial in the PAGA Action was set to begin October 25, 2022 after contentious litigation. (Odenbreit Dec., ¶5.)

The matter was settled with the PAGA action on August 4, 2022 with a PAGA Period of October 16, 2018 to August 4, 2022. (Odenbreit Dec., Ex. A,

---

[2] As the PAGA violations are based on the same operative facts, the factual basis for the claims is set forth in detail below in the description of the *Extrada* Action.

MEMORANDUM OF POINTS AND AUTHORITIES

¶2.5.) For purposes of seeking approval of the Settlement, the PAGA action was removed to federal court and a consolidated complaint was filed on May 16, 2023. (ECF Dkt. No. 38.) The Superior Court PAGA Action was dismissed *without prejudice* on May 18, 2023. (Odenbreit Dec., ¶5.)

### ii. ***Estrada v. Denny's* (Class Action)**, USDC Case No. 2:22-CV-00572-SPG(AGRx)

This is a putative wage and hour class action for violations of the California Labor Code and applicable IWC Wage orders brought by Plaintiff Maria Estrada ("Plaintiff Estrada") against Denny's, and on behalf of all hourly, non-exempt employees who worked for Denny's at a corporate-owned Denny's restaurant location in California. Class Representative Plaintiff Estrada filed a Class Action Complaint against Denny's on December 9, 2021 in California Superior Court. On January 26, 2022, Denny's removed this case to United States District Court (2:22-cv-00572), which Plaintiff Estrada did not oppose.

Plaintiff Estrada's class allegations contend violations of the following California Labor Code Sections: (1) Sections 510, 1194 and IWC Wage Order 5-2001, July 1, 2002, as amended, Sections 3 and 5-failure to pay all wages due, including overtime wages, (2) Sections 226.7, 512 and IWC Wage Order 5-2001, July 1, 2002, as amended, Section 11 - failure to provide legally compliant meal periods or pay penalty in lieu thereof, (3) Section 226.7 and IWC Wage Order 5-2001, July 1, 2002, as amended, Section 12 - failure to provide legally compliant rest periods or penalty in lieu thereof, (4) Sections 226 subd. (a), 1174, and 1175-failure to provide accurate itemized wage statements and maintain accurate employee records, (5) Sections 201-203-failure to pay all wages due to employee at separation of employment, and (6) Section 2802 – failure to reimburse employees necessary business expenditures. (ECF Dkt. No. 38, First Amended Complaint ("FAC"), ¶¶2 and 8.)

MEMORANDUM OF POINTS AND AUTHORITIES

### iii.    Mediation

The Parties' settlement was reached after an all-day, arms-length mediation with experienced wage and hour mediator, Hon. Carl West, Ret. (Odenbreit Dec., ¶8.) Information exchanged prior to the mediation included all time and pay records for Aggrieved Employees[3] and a random sample of 30% of putative class members' time and pay records during the Class Period in the *Estrada* matter. (Odenbreit Dec., ¶10.)   Plaintiff DeLeon also conducted extensive written discovery in the PAGA Action and had obtained employee handbooks, and other relevant written policies.  Expert analysis was used by both sides in advance of the mediation based on the time and payroll records exchanged. (Odenbreit Dec., ¶¶5, 10.)  The Parties disagreed extensively on the theories and damage analysis and the mediation went well into the evening. The settlement reached between the Parties pursuant to a mediator's proposal and takes into account the expense, complexity of continued litigation and risk that certification may not be granted and, if so, that it may not be maintained under principles outlined by the U.S. Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). In addition, the Parties' proposed settlement accounts for Defendant's affirmative defenses, which, if Defendant were successful would result in Plaintiffs and class members receiving nothing. (Odenbreit Dec., ¶27.)

Plaintiffs therefore request that the Court grant this Motion for Preliminary Approval of Class Action Settlement, preliminarily certify the class for settlement purposes only, approve the Notice of Settlement Class Members, appoint Phoenix Class Action Administration Solutions as the Class Administrator, appoint Kevin Mahoney, Katherine J. Odenbreit and Raleigh Dixon of Mahoney Law Group as Class Counsel, appoint Maria Estrada as the Class Representative, appoint Myra DeLeon as PAGA Representative and schedule a Final Approval Hearing.

---

[3] There were some anomalies in the records which were corrected by Plaintiffs' expert. (Odenbreit Dec., ¶5.)

Defendants do not oppose this request.  Plaintiffs further request that this Court provisionally certify a settlement class. Plaintiffs assert that provisional certification is appropriate because the proposed class is sufficiently numerous, common questions of law and fact predominate over any individualized questions, Plaintiffs' claims are typical of those of the Stipulated Class Members, Plaintiff Estrada and her counsel can adequately represent the Class Members, and proceeding as a class action is a superior means of resolving this dispute.

### III.    SUMMARY OF SETTLEMENT TERMS

#### A.    Monetary Terms

Pursuant to the settlement agreement, and in consideration for the releases of all claims at issue, Defendant agrees to pay an amount not to exceed Four Million Dollars ($4,000,000.00) (the "Total Settlement Amount"), excluding Defendant's side of payroll taxes (which Defendant will pay separately), as a full and complete settlement of all claims asserted in the Class Action and PAGA Action from all individuals who worked for Denny's in California and classified as non-exempt, hourly employees as any location in California during the time period from December 9, 2017 to August 2, 2022. ("Class Members") and persons employed by Denny's in California classified as a non-exempt hourly employee from October 16, 2018 to August 4, 2022 ("Aggrieved Employees"). (Odenbreit Dec., Ex. A (Settlement Agreement"), ¶¶1.3, 1.4, 1.12, 1.31.) The Total Settlement Amount includes payments made to Class Members, settlement administration costs, court approved awards of attorneys' fees and costs, the service award for Plaintiff, if approved, and payment to the LWDA.  The Settlement Agreement provides that the Total Settlement Amount will be allocated as follows:

- Administration will be handled by Phoenix Class Action Administrators, a third-party settlement Administrator, and the cost of the Administration shall not exceed fifty thousand dollars ($50,000.00) and will be paid out of the Gross Settlement Amount

6

(Declaration of Michael Moore, Phoenix Class Action Administrators ("PAS") ("Moore Dec."), Ex. B; Odenbreit Dec. ¶ A, 1.1);

- Defendant will not oppose an application for a Class Representative Service Payment to Class Representative Estrada in the amount of five thousand dollars ($5,000.00) and a PAGA Representative Payment to PAGA Representative DeLeon to be paid out of the Gross Settlement Amount (Odenbreit Dec. Exhibit A, ¶¶1.14, 1.36, and 3.21); Defendant will not oppose Class/PAGA Counsel's application for a Class/PAGA Counsel Fees Award that is up to one million three hundred twenty thousand dollars ($1,320,000.00), which is 33% of the Total Settlement Amount and Class Counsel Litigation Costs not to exceed thirty thousand dollars ($30,000.00) (Odenbreit Dec., Exhibit A, ¶¶1.6, 3.2.2.);

- Fifty Thousand Dollars ($50,000.00) in PAGA Penalties from the Total Settlement Amount to compromise of claims brought under the Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. California Labor Code section 2699(i) requires that the parties distribute any settlement of PAGA claims as follows: 75% to the State of California's Labor Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers in the amount of thirty-seven thousand five hundred dollars ($37,500.00); and 25% to "Aggrieved Employees" will be distributed from the Net Settlement Amount in the amount of twelve thousand five hundred dollars ($12,500.00). (Odenbreit Dec., Ex. A, ¶1.28, ¶1.35);

- The Net Settlement Amount will be distributed as Individual Class Payment on a pro rata basis to Participating Class Members based on the total number of Workweeks worked during the Class Period and Individual PAGA Payments to Aggrieved Employees based on the total

MEMORANDUM OF POINTS AND AUTHORITIES

number of Workweeks worked during the PAGA Period. (Odenbreit Dec., Ex. A, ¶¶1.28, 1,23, 1.24, 1.48.)

## IV.    LEGAL STANDARD FOR APPROVAL OF SETTLMENT

In order to begin the approval process of a class action settlement, the parties must first satisfy the requirements of certification set forth in Federal Rule of Civil Procedure 23. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997). A proposed class may be conditionally certified if it "satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 2015). Rule 23(e) provides that once a class is certified the claims, issues or defenses can only be settled with the court's approval. Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1100 (9th Cir. 2008). The Court must determine the settlement is "fundamentally fair, adequate and reasonable." *Hanlon, supra* at 1026 (9th Cir. 1998).

Court approval of a class action settlement requires a two-step process-a preliminary approval followed by a later final approval. *See Galarza v. Kloeckner Metals Corp.,* No. CV 17-8886020 *4 (C.D. Cal. Feb. 4, 2019) ("The decision of whether to approve a proposed class settlement entails a two-step process.") At preliminary approval the Court need only find that the settlement is potentially fair as the final determination of adequacy will be done at the Final Approval. *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 386 (C.D. Cal. 2007).

## V.    CONDITIONAL CERTIFICATION

The Parties seek conditional certification pursuant to Rule 23 for settlement purposes only. A proposed class may be conditionally certified if it "satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4)

adequacy of representation. (*Hanlon*, *supra*, 150 F.3d at p. 1019.) The party seeking certification of a proposed settlement class must also show that the action falls within one of the three subsections of Rule 23(b) relating to predominance of common questions and superiority of the class action mechanism. All of the requirements of Rule 23(a) and 23(b) are met here.

### A.    Numerosity

A class is sufficiently numerous if it is so large that the joinder of all class members is impracticable. *Hanlon, supra* 150 F.3d. at 1019. To be impracticable joinder must be difficult or inconvenient, but no need be impossible. *Keegan v. Am. Honda Motor Co.,* 254 F.R.D. 504 522 (C.D. Cal. 2012). Although here is no magic number or cutoff sufficient to satisfy numerosity, generally 40 or more class members will satisfy the criteria. *Kouri v. Federal Express Corp.,* No. 2:21-cv-08066-SPG-JEM, 2023 WL 343288 *4 (C.D. Cal. Jan. 13, 2023). The total number of class members exceed 8,500. (Odenbreit Dec., Ex. A, ¶9.) This information was provided by Defendant prior to mediation and upon which both parties evaluated for potential settlement value. (Odenbreit Dec., ¶10.) In this matter, numerosity is satisfied.

### B.    Commonality

Plaintiffs' claims meet the commonality requirement when they "depend upon a common contention…capable of classwide resolution-which means that a determination of its truth or falsity will resolve an issue that is central to the validity of each on of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 504 U.S. 338, 350 (2011). "So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(e)(2)." *Parsons v. Ryan,* 754 F.3d 657, 675 (9th Cir. 2014) [internal quotes omitted]. The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). To the extent circumstances of class members vary,

9

if they retain a common core of factual or legal issues with the rest of the class, commonality is satisfied. *Id.* Plaintiff maintains that the commonality requirement is satisfied as these violations resulted from Denny's alleged common policies and practices. (See *Id.* at p. 1019–20.) The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).

Here, Plaintiffs maintain that common factual and legal issues include, among other things: (1) whether Defendants engaged in a common course of failing to provide and/or compensate employees for all hours worked, 2) provided all required meal and rest periods or compensation in lieu thereof; (3) whether the requirement that employees maintain and launder mandated uniforms requires reimbursement by the employer and is compensable time, (4) whether these alleged violations resulted in ancillary violations of Labor Code, § 203, and 226, and support the basis for relief under the UCL. (Odenbreit Dec., ¶11.) Plaintiffs assert that all Class Members suffer from, and seek redress for, the same alleged injuries. (Estrada Dec., ¶4; DeLeon Dec., ¶4.)  Plaintiffs allege that all claims in this Action are based on common, class-wide policies and procedures, and that liability could accordingly be determined on a class-wide basis, without dependence on individual assessments of liability. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1033 (2012) Accordingly, Plaintiff Estrada asserts that the answers to the aforementioned questions determine liability to all Class Members claims, wherein commonality is satisfied.

## C.    Typicality

Rule 23(a)(3) requires that claims or defenses of the class representatives be typical of the claims and defenses of the class they seek to represent. Fed.R.Civ.P. 23(a)(3). The purpose of the typicality requirement is to "ensure [] that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v.*

*Bruono,* 847 F.3d 1108, 1116 (9th Cir.2017) (quoting *Hanlon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). "The test of typicality is whether other members have the same or similar injury, whether the action is based on the same conduct which is not unique to the named plaintiff, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Amer., LLC,* 617 F.3d 1168, 1175 (9th Cir.2010) (quoting *Hanlon, supra* 976 F.2d at 508).

Here, Plaintiff Estrada's claims are typical of the class because they arise out of commonly applied employer policies and practices. (Odenbreit Dec., ¶12.) Plaintiff Estrada's claims are based on the same alleged conduct as the class and any applicable defenses to those allegations are not unique to Plaintiff Estrada and stem from Denny's alleged common policies and practices applicable to all non-exempt employees seeking the same relief. (Estrada Dec.). ¶¶4, 5, 9; ECF Dkt. No. 38, ¶¶25-41; ECF Dkt. No. 38, First Amended Complaint, Pp. 32-33.) As such, Plaintiff Estrada's claims are identical to those of the class as they involve the same alleged course of conduct and involve the same injuries as the putative class.

### D.    Adequacy of Representation

Rule 23(a)(4) requires the Court to determine if the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed.R.Civ.P. 23(a)(4). The adequacy requirement is met if the class representative and class counsel have no conflicts of interest with potential class members and will vigorously prosecute the action on behalf of the class. *Hanlon,* 150 F.3d at 1020.

Here, Plaintiff Estrada seeks the same relief as members of the proposed class and has no known conflicts of interest with the class members as her claims are identical. (Estrada Dec., ¶¶8-9; ECF Dkt. No. 38, ¶¶25-41; Odenbreit Dec., ¶¶13). Plaintiff has significantly contributed to the litigation process and has

MEMORANDUM OF POINTS AND AUTHORITIES

vigorously pursued these claims on behalf of the class at substantial risk to herself. (Estrada Dec., ¶¶79-11; Odenbreit Dec., ¶13.) There is therefore no conflict of interest between Plaintiff Estrada and the class members. (Odenbreit Dec., ¶12.)

Furthermore, class counsel is an experienced wage and hour class action litigator and has diligently prosecuted this action. (See Odenbreit Dec. ¶¶14-22; Mahoney Dec., ¶¶). There is no evidence of antagonism between the proposed class representative, her attorneys, and the putative class, and even if there were, any putative class member who wishes to "opt-out" would be afforded the opportunity to do so.  Therefore, the requirements of Fed. R. Civ. P. 23(a) are met in this matter.

### D.    Conditional Certification Pursuant to FRCP 23(b)(3) is Appropriate as Common Questions Predominate

Under Fed. R. Civ. P 23(b)(3), a plaintiff must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy. (Fed. Rules Civ. Proc., rule 23, 28 U.S.C.A.(b)(3).)  This requirement is met in this instant matter.  When assessing predominance and superiority, the Court may consider that the class will be certified for settlement purposes only. (*Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591, 620.) The manageability of trying the case as a class action is not a factor for a settlement-only class. (*Id.* at p. 620.)

Plaintiff Estrada seeks the same remedies for herself and for the Class based on the same set of facts, circumstances and claims. (ECF Dkt. No. 38, ¶¶25-41). The proposed class in this case is sufficiently cohesive because all class members share a "common nucleus of facts and potential legal remedies," as was present in *Hanlon*, *supra*, 150 F.3d 1011, where the Ninth Circuit approved class certification under the standards set forth in *Amchem*.  The proposed Class of all non-exempt hourly employees in this case is sufficiently cohesive to warrant adjudication by

MEMORANDUM OF POINTS AND AUTHORITIES

representation. See *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1436 (2013). Thus, this class may be certified for settlement purposes. Furthermore, the proposed Settlement herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

        1.    <u>Predominance</u>

"The Rule 23(b)(3) predominance inquiry tests whether classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon,* 150 F.3d at 1022. "This analysis presumes that the existence of common issues of fact or law have been established through Rule 23(a)(2); thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3)." *Id.* "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative basis rather than an individual basis." *Id.*

Plaintiffs' allegations against Defendant raise common questions about Defendant's policies and practices. These questions include: (1) whether Defendant engaged in a common course of failing to compensate employees for all hours worked; (2) whether Defendant engaged in a common practice of failing to provide legally mandated meal and rest breaks or compensation in lieu thereof; (3) whether time and money spent by employees maintaining mandated work uniforms is compensable; and (4) whether these alleged violations resulted in ancillary violations of California Labor Code sections 203 and 226, as well as whether they justify civil penalties under PAGA. (ECF Dkt. No. 38, ¶¶22-41). These common questions are at the heart of the case and they can be resolved in a single adjudication.

        2.    <u>Superiority</u>

"In resolving the Rule 23(b)(3) superiority inquiry, the court should consider class members' interests in pursuing separate actions individually, any litigation already in progress involving the same controversy, the desirability of

concentrating the litigation in one forum, and potential difficulties in managing the class action, although the last two considerations are not relevant in the settlement context." *Schiller v. David's Bridal, Inc.,* No. 1:10-cv-0616 AWI-SKO, 2012 WL 2117001 at *16-17 (E.D.Cal. June 11, 2012); *see also Amchem,* 521 U.S. at 620.

Here, if class members were to sue individually, each would bring the same claims for relatively small sums of money and yet would certainly be required to expend significant resources to cover litigation costs. (Odenbreit Dec., ¶23.) Therefore, Plaintiff Estrada has shown pursuing the matter as a class is superior and has shown certification of the class is appropriate for settlement.

## IV.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

At the preliminary approval stage, the Court need only decide whether the settlement is potentially fair. *Acosta v. Trans Union, LLC,* 243 FRD 377, 386 (C.D.Cal.2007). For preliminary approval, "the court evaluates the terms of the settlement to determine whether they are in the range of possible judicial approval." *Spann v. J.C. Penney Corp.,* 341 F.R.D. 312, 319 (C.D.Cal. 2016). If "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not appear to improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval", the Court may grant preliminary approval. *In re Tableware Antitrust Litig.,* 484 F.Supp.2d 1078, 1079 (N.D.Cal. 2007). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon,* 105 F.3d at 1026.

Once the Court approves the settlement and the class members have been notified and provided an opportunity to object, the Court will hold a final fairness hearing to determine whether the settlement is fair, reasonable and adequate. *See* Manual for Complex Litig. (Fourth) §§ 21.632-34 (2012). "A full fairness analysis

is unnecessary until the Court conducts the final fairness hearing." *Hollis v. Union Pac. R.R. Co.,* No. EDCV 17-2449-JGB (SHKx), 2018 WL 6273014 at *5 (C.D.Cal. Mar. 6, 2018) (citing *Campbell v. First Investors Corp.,* No. 11-CV-0548-BEN, WMC, 2012 WL 5373423 at *4 (S.D.Cal. Oct. 29, 2012).

### A.    The Proposed Settlement Was the Product of Serious, Informed, Non-Collusive Negotiations

The Ninth Circuit has long deferred to private settlements and has emphasized that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and hat the settlement taken as a whole is fair, reasonable and adequate to all concerned." *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 965 (9th Cir. 2009). When litigation has proceeded to the point where "the parties have sufficient information to make an informed decision about settlement," this factor weighs in favor of approval. (*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234, 1239.) So long as the discovery is sufficient to give the parties a clear view of the relative strengths and weaknesses of their respective cases it need not be exhaustive. *See, e.g., In re Immune Response Secur. Litig.*, 497 F.Supp.2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave the parties a clear view of the strength and weaknesses of their cases).

The proposed Settlement in this case was reached after extensive and informed arm's-length negotiations with experienced class action mediator Hon. Carl West (Ret.). (Odenbreit Dec., ¶8). Prior to mediation, Plaintiffs had significant document production from litigation, deposition testimony from Plaintiff DeLeon and sufficient data produced informally by Defendant to independently evaluate the strengths, weaknesses and potential value of the case. (Odenbreit Dec., ¶10.)

MEMORANDUM OF POINTS AND AUTHORITIES

Factoring in the uncertainty and risk of the outcome of further litigation, the difficulties and delays inherent in such litigation, including, but not limited to, the risks related to a contested motion for class certification, and the risks related to liability raised by the issues in this case, Plaintiffs and their counsel determined that the agreed-upon sum of four million dollars ($4,000,000.00) that was negotiated settlement through an experienced mediator and reached after significant data, information and documents were exchanged, is reasonable and appropriate settlement for this instant action. (Odenbreit Decl. ¶25.)

## B.    There Are No Obvious Deficiencies in the Settlement

A summary of the settlement terms is described above, and shows that there are no obvious deficiencies.  The proposed Settlement offers substantial monetary benefits to Participating Class Members in exchange for a release of certain wage and hour claims alleged in this action. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice, supra*, at 625 (citation omitted).  In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See*, *Linney v. Cellular Alaska P 'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("... it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.")

The settlement for each Participating Class Member is fair, reasonable, and adequate given the inherent risk of litigation, the risk of class certification and costs of litigation. From the Net Settlement Amount, the average amount each class member would receive is two hundred ninety-six dollars and thirty-eight cents ($296.38) per class member – assuming that no Class Members opt out of the Settlement. (Odenbreit Dec., ¶26.)  Class Members will be mailed a Class Notice

MEMORANDUM OF POINTS AND AUTHORITIES

and will have the ability to object to any of the terms of the proposed Settlement or exclude themselves from participating in the proposed Settlement. Furthermore, the proposed Settlement is "all-in," and no monies will revert back to Defendant. (Odenbreit Dec., Ex. A, ¶¶3.1, 8.4, 8.5, and 8.7.)

### C.    Balancing of the Factors

In making a fairness determination, a Court must evaluate factors such as: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. (*Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937, 953.) The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important. *Staton v. Boeing. Co.*, 327 F.3d 938, 959 (9th Cir. 2003). To evaluate a settlement, the trial court must receive "basic information about the nature and magnitude of the claims in question and the basis for concluding that the consideration being paid for the release of those claims represents a reasonable compromise" giving considerable weight to the competency and integrity of counsel and the involvement of a neutral mediator. *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116, 133.

Here, the proposed Settlement satisfies all of these factors. Both parties have engaged in sufficient discovery and conducted thorough investigations of Plaintiff's claims to determine the value of Plaintiff's claims and strength of Defendant's defenses. (Odenbreit Dec., ¶25, ¶27.) In addition to extensive formal discovery, Defendant supplied Plaintiff informal discovery in order for Plaintiffs' expert to calculate a potential damage analysis prior to mediation.

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' counsel's opinion supporting this settlement is entitled to considerable weight. "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery. *H&R Block Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *see also*, *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).  Plaintiffs and their counsel have determined that the settlement set forth in the Agreement is a fair, adequate and reasonable settlement, and is in the best interests of Plaintiff and Class Members. (Odenbreit Dec. ¶¶26; Mahoney Dec., ¶x.) Defendant has also expended substantial amounts of time, energy and resources in connection with the litigation and mediation, and unless this settlement is approved, will continue to have to do so in further litigation.

Additionally, the individual settlement amounts paid to each Class Member based on his or her total number of workweeks on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class. No individual Class Member or segment of the class receives preferential treatment, regardless of whether may or may not have a certain claim.  Accordingly, this proposed settlement treats current and former employees equitable.

1.    The PAGA Allocation Falls Within the Range of Reasonableness

Under PAGA an "aggrieved employee" may bring a civil action to recover civil penalties on behalf of other current and former "aggrieved employees" for Labor Code violations. *Villacres v. ABM Indus., Inc.,* 189 Cal.App.4th 562, 578 (2010) [citations omitted]. "The state is the real party in interest, and the action is 'fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" *Gonzalez v. CoreCivil of Tenn., LLC,* No. 1:16-CV-01891-

MEMORANDUM OF POINTS AND AUTHORITIES

DAD-JLT, 2018 WL 4388425, at *9 (E.D.Cal. Sept. 13, 2018) [citations omitted].
PAGA provides a plaintiff to seek civil penalties in the amount of $100 per pay
period for each violation for each aggrieved employee and $200 per pay period for
subsequent violations for each aggrieved employee. Cal. Lab. Cod §2699(f)(2).

"[I]n evaluating the adequacy of a settlement of a PAGA claim, courts may
employ a sliding scale, taking into account the value of the settlement as a whole."
*Visceral v. Mistras Group, Inc.,* No. 5-CV-02198-EMC, 2016 WL 5907869, at *9
(N.D.Cal. Oct. 11, 2016). "[W]here a settlement for a Rule 23 class is robus, the
statutory purposes of PAGA may be fulfilled even with a relatively small award on
the PAGA claim. Plaintiffs have set forth an evaluation of the PAGA claims.
(Odenbreit Dec., ¶¶29-33).   The result achieved in this case, and the monetary
recovery provided by this Settlement, are well-within the range of an acceptable
settlement under the circumstances, especially when compared to the settlement of
PAGA claims in other cases.[4] As such, the PAGA allocation is reasonable.

2.    Plaintiffs' Requested Service Awards Are Reasonable

The Settlement provides for a Class Representative Service Award to
Plaintiff Estrada in the amount of $5,000 (Odenbreit Dec., Ex. A, ¶¶1.13, 3.2.1) and
a PAGA Representative Service Award to Plaintiff DeLeon in the amount of
$5,000.[5] (Odenbreit Dec., ¶x; Ex. A, ¶¶1.34, 3.2.1). In evaluating such awards,
courts should look to "the number of named plaintiffs receiving incentive payments,
the proportion of the payments relative to the settlement amount, and the size of

---

[4] *See, e.g.*, *DCH Auto Wage and Hour Cases*, Los Angeles County Superior Court, No.
JCCP4833 (May 2017) (approving $15,000 out of $4 million toward settlement of PAGA
claims); *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO) 2012 WL 5364575, at
*3 (E.D. Cal., Oct. 31, 2012) (approving $10,000.00 out of $3.7 million toward settlement of
PAGA claims); *Schiller v. David's Bridal*, supra, 2012 WL at p. at *14 (approving $7,500.00
out of $518,245.00 toward settlement of PAGA claims); *Chu v. Wells Fargo Investments, LLC*,
No. C-05-4526-MHP, 2011 WL 672645 at p. at *1 (N.D. Cal., Feb. 16, 2011) (approving
$10,000.00 out of $6.9 million toward settlement of PAGA claims; *Franco v. Ruiz Food
Products, Inc.*, No. 1:10-CV-02354-SKO) 2012 WL 5941801, at *14 (E.D. Cal., Nov. 27, 2012)
(approving the amount of $10,000 out of $2.5 million toward settlement of PAGA claims).
[5] Counsel explains the reason for the different designations of Class Representative and PAGA
Representative in the Declaration of Katherine J. Odenbreit at paragraph ___.

19

each payment." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015), quoting *Staton,* 327 F.3d at 997).

"Incentive awards" or "enhancement payments" are routinely approved for a plaintiff's role in bringing an action for the benefit of others and to recognize their work as a private attorney general. (*Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 958, citing *Newberg on Class Actions* § 11:38, 81 (4th ed., 2002). Incentive awards of 1% of the total settlement fund are routinely approved. *See, e.g.*, *Brotherton v. Cleveland* (S.D. Ohio 2001) 141 F.Supp.2d 907, 913–14 (approving $50,000 enhancement based on $5.25 million settlement (*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.* (S.D. Ohio 1991) 137 F.R.D. 240, 250–51 (awarding $300,000 in enhancements based upon $30 million settlement). In this matter both Representative Plaintiffs have devoted a significant amount of time to the litigation and have been instrumental in reaching this settlement. (*See* Estrada Dec. and DeLeon Dec., generally). Here, the requested Service Awards are reasonable and within the Ninth Circuit standards.

3.    <u>Plaintiffs' Requested Attorneys' Fees Are Reasonable</u>

Rule 23 permits a court to award "reasonable attorneys' fees…that are authorized by law or by the parties' agreement." Fed.R.Civ.P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement, is reasonable even if the parties already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.* 654 F.3d 935, 941 (9th Cir.2011). In the Ninth Circuit, the benchmark for a fee award in common fund cases is 25% of the recovery obtained. *Id.* at 942. Courts must "justify any increase or decrease from the amount based on circumstances in the record." *Monterrubio v. Best Buy Stores, L.P.* 291 F.R.D. 443, 355 (E.D.Cal.2013) [citations omitted]. The Ninth Circuit has identified factors the Court may consider in assessing whether an award is reasonable, including: (1) results achieved, (2) the risk of litigation, (3) the skill required and quality of work,

MEMORANDUM OF POINTS AND AUTHORITIES

and (4) the contingent nature of the fee and the financial burden carried by plaintiffs. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048-50 (9th Cir.2002). Counsel's lodestar may also "provide a useful perspective on the reasonableness of the given percentage award." *Id.* at 1050.

While Plaintiffs recognize the requested fees of 33.33% of the Total Settlement Amount is above the Ninth Circuit benchmark, Plaintiffs will present in their Motion for Attorneys' Fees and Costs justification for this departure and orders from other federal courts awarding this amount. Plaintiffs' respectfully request the Court grant preliminary approval of the requested attorneys' fees and costs.

## VII.    THE    PROPOSED    NOTICE    IS    APPROPRIATE    AND SATISFIES DUE PROCESS

Federal Rules of Civil Procedure 23(e)(1)(B) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." "The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," is required. (Fed.R.Civ.P. 23(c)(2)(B).) The proposed Class Notice is attached as Exhibit A to the Settlement Agreement attached to the Declaration of Katherine J. Odenbreit, filed concurrently herewith.

In this case, the Parties propose that the Notice of the Settlement will be mailed via U.S. first-class mail to each Class Member/Aggrieved Employee's last known address in both English and Spanish. (Odenbreit Dec., Ex. A, ¶8.4.2). Defendant agrees to provide the Settlement Administrator, no later than fifteen (15) business days following preliminary approval by this Court, Class Data compiled based on Defendant's records setting forth each Class Member's: (1) full name; (2) last known mailing address; (3) social security number; and (4) total number of work weeks worked during the Class Period and PAGA Pay Periods. (Odenbreit Dec., Ex. A, ¶4.2). The Settlement Administrator will perform a search on the U.S.

MEMORANDUM OF POINTS AND AUTHORITIES

Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members. (Odenbreit Dec., Ex. A, ¶8.4.2).

The proposed Class Notice provides information on the meaning and nature of the proposed Class; the terms and provisions of the Settlement; the relief the Settlement will provide to Participating Class Members; the applications of Plaintiff for her Service Payment and of Class Counsel for their attorneys' fees and costs; the payment to the LWDA of its share of the PAGA Payment; the payment of the Settlement Administration Costs; the date, time and place of the final settlement approval hearing; and the procedure and deadlines for opting out of the Settlement or for submitting objections to the Settlement. (Exhibit A to Odenbreit Dec., Ex. A). If a Class Member chooses to object to the Settlement, they will have thirty (30) days to file with the Court and serve an Objection to the Agreement. Further, Class Members that choose to opt out of the settlement will have thirty (30) days from the mailing of the Class Notice to postmark a Request for Exclusion from the Settlement. (Odenbreit Dec., Ex. A, ¶¶8.5 and 8.7).

The Class Notice also fulfills the requirement of neutrality in class notices. It summarizes the proceedings to date, and the terms and conditions of the Settlement, in an informative and coherent manner, in compliance with the Manual's statement that "the notice should be accurate, objective, and understandable to Class Members." The Notice also provides recipients with a dedicated static website maintained by the Administrator where court documents including the Complaint, Notice of Settlement and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards will be posted for review. (Odenbreit Dec., Ex. A, ¶8.8.1). The Class Notice clearly states that the Settlement does not constitute an admission of liability by Defendant, and recognizes that the Court has not ruled on the merits of the action. It also states that the final settlement approval

decision has yet to be made.   Accordingly, the Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. (See Fed. Rules Civ. Proc., rule 23, 28 U.S.C.A.(c)(2); 23(e).)

## VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The last step in the settlement approval process is the formal final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement.   At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of Settlement approval; and Class Members or their counsel may be heard in support of or in opposition to the Settlement Agreement.   The Parties propose that the final approval hearing be held on or after February 21, 2024.

## IX.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court make orders as to the following:

1.   Certifying for settlement purposes only a Class defined as all individuals who worked for Denny's, Inc. in California as non-exempt hourly employees at any location in California during the time period from December 9, 2017 to August 4, 2022 ("Class Period");

2.   Preliminarily approving the PAGA Settlement Amount;

3.   Appointing Plaintiff Estrada as the Class Representative for settlement purposes and Appointing Plaintiff Myra DeLeon as the PAGA Representative for settlement purposes;

4.   Appointing Plaintiff' Counsel, Kevin Mahoney, Katherine J. Odenbreit and Raleigh P. Dixon of MAHONEY LAW GROUP, APC, as Class Counsel for settlement purposes;

/-/-/

5.     Approving Phoenix Class Action Administrators as Settlement Administrator;

6.     Approving the form and content of the Class Notice, and directing the mailing of same;

7.     Approving the opt-out and objection procedures provided in the Settlement Agreement and set forth in the Notice of Settlement;

8.     Directing Defendant to provide the Class Data to the Settlement Administrator no later than fifteen (15) businsess days following preliminary approval by this Court; and

9.     Setting a Final Approval Hearing.


Dated: October 27, 2023                                    **MAHONEY LAW GROUP, APC**

By:_____
Katherine J. Odenbreit, Esq.
Kevin Mahoney, Esq.
Raleigh P. Dixon, Esq.
Attorneys for Plaintiffs MARIA
ESTRADA and MYRA DELEON
as individuals and on behalf of all
similarly situated employees

MEMORANDUM OF POINTS AND AUTHORITIES