Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone:   (562) 590-5550
Facsimile:    (562) 590-8400

Attorneys for Plaintiff MARIA ESTRADA, as an individual and on behalf of all similarly situated employees.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTRADA, as individuals and on behalf of all similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> DENNY'S INC., and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No.: 2:22-CV-00572-SPG(AGRx) <br><br> **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** <br><br> Assigned to Honorable Hon. Sherilyn P. Garnett, Ct. Rm 5C <br><br> DATE:  June 26, 2024 <br> TIME:   1:30 p.m. <br> COURTROOM: 5C <br><br> Action Filed:        December 9, 2021 <br> Action Removed:  January 26, 2022 <br> Trial Date:          None Yet Set |

1

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2024, at 1:30 p.m., in Courtroom 5C of the United States District Court for the Central District of California located at 350 W. 1st Street, Los Angeles, California, Plaintiffs MARIA ESTRADA and MYRA DELEON ("Plaintiffs"), hereby do move this Court, pursuant to the Federal Rules of Civil Procedure, Rule 23(e), for an order granting final approval of the class action and PAGA settlement between Plaintiffs and Defendant DENNY'S, INC. (referred to herein as "Defendant") (Plaintiffs and Defendant are referred to collectively as the "Parties"), memorialized in the Parties' Class Action and PAGA Settlement Agreement and Class Notice ("Settlement Agreement"), and preliminarily approved by this Court on March 1, 2024. (Dkt. No. 58.)

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement; (3) the Katherine J. Odenbreit in Support of the Motion; (4) the Declarations of Kevin Mahoney (Dkt. 52-2), Raleigh Dixon (Dkt. 52-3) and Class Representative Maria Estrada filed in support of Preliminary Approval of Settlement (Dkt. 52-8); (5) the Declaration of Kevin Lee of Phoenix Settlement Administrators; (6) the Parties' Settlement Agreement; (7) the [Proposed] Order Granting and Judgment Re: Final Approval of Class Action an PAGA Settlement; (8) the records, pleadings, and papers filed in this Action; and (9) such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

///

///

///

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT

Dated: May 28, 2024

**MAHONEY LAW GROUP, APC**


*By:*    *Katherine J. Odenbreit*
Kevin Mahoney
Katherine J. Odenbreit
Attorney for Plaintiffs MARIA ESTRADA,
as an individual and on behalf of employees
similarly situation and MYRA DE LEON,
as an individual and Representative
Plaintiff on behalf of the State of California
and all aggrieved employees

3

## **TABLE OF CONTENTS**

I.   INTRODUCTION ......................................................................................... 1

II.   FACTUAL AND PROCEDURAL HISTORY ............................................... 3

III.   TERMS OF THE SETTLEMENT ............................................................... 4

   A.  Release of Claims ............................................................................ 6

   B.  Notice................................................................................................. 7

IV.   LEGAL STANDARD FOR FINAL APPROVAL ....................................... 8

   A.  Final Confirmation of Class Certification is Appropriate............................. 9

V.  FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE AS THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE............................ 9

   A.  Class Representative Estrada and Class Counsel Have Adequately Represented the Class ...................................................................... 10

   B.  The Settlement is a Product of Arm's Length Negotiation......................... 11

   C.  The Settlement Provides Adequate Relief to the Class............................. 13

      i.    The Costs and Risks of Further Litigation Support Approval ................. 13

      ii.   The Amount of the Settlement Favors Approval ..................................... 14

      iii.  The Settlement Provides for Equal Treatment of Class Members........... 18

      iv.   The Absence of Any Class Member Objection to the Settlement Agreement Supports Final Approval................................................... 18

      v.    Additional Rule 23(e) Factors ................................................................. 19

VI.   CONCLUSION ........................................................................................... 20

TABLE OF CONTENTS

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Adoma v. Univ. of Phoenix, Inc.*,
  913 F. Supp. 2d 964 (E.D. Cal. 2012)................................................................ 15

*Allen v. Bedolla*,
  787 F.3d 1218 (9th Cir. 2015) ............................................................................ 14

*Altamirano v. Shaw Indus., Inc.*,
  2015 WL 4512372 (N.D. Cal. July 24, 2015) ................................................... 24

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................... 14

*Atlas v. Accredited Home Lenders Holding Co.*,
  2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) .................................................... 25

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ................................................................... 25

*Briseno v. Henderson*,
  998 F.3d 1014 (9th Cir. 2021) ........................................................................... 16

*Californians for Disability Rts., Inc. v. California Dep't of Transp.*,
  249 F.R.D. 334 (N.D. Cal. 2008) ...................................................................... 16

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) ........................................................................... 14

*Carrington v. Starbucks Corp.*,
  30 Cal. App. 5th 504 (2018) ............................................................................. 22

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004)................................................................................ 8

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980) .......................................................................... 25

*Fleming v. Covidien Inc.*,
  2011 WL 7563047 (C.D. Cal. Aug. 12, 2011)................................................... 22

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)...........................................................8, 14, 16, 25

*Harris v. Vector Mktg. Corp.*,
  2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ................................................. 18

*Hilsley v. Ocean Spray Cranberries, Inc.*,
  2020 WL 520616 (S.D. Cal. Jan. 31, 2020)...................................................... 16

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*,
  2014 WL 12591624 (C.D. Cal. Jan. 10, 2014) ................................................ 25

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011)........................................................................ 16, 18

1

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019)...................................................... 14
*In re Pac. Enterprises Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995)........................................................ 25
*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008)..................................................... 14
*In re Uber FCRA Litig.*,
  2017 WL 2806698 (N.D. Cal. June 29, 2017)........................... 22
*In re Zynga Inc. Sec. Litig.*,
  2015 WL 6471171 (N.D. Cal. Oct. 27, 2015)........................... 18
*Jennings v. Open Door Mktg., LLC*,
  2018 WL 4773057 (N.D. Cal. Oct. 3, 2018)............................. 23
*Kaanaana v. Barrett Bus. Servs., Inc.*,
  29 Cal. App. 5th 778 (2018)....................................................... 22
*Mancini v. W. & S. Life Ins. Co.*,
  2018 WL 4489590 (S.D. Cal. Sept. 18, 2018)........................... 22
*Mandujano v. Basic Vegetable Prod., Inc.*,
  541 F.2d 832 (9th Cir. 1976)..................................................... 25
*McKinney-Drobnis v. Oreshack*,
  16 F.4th 594 (9th Cir. 2021) ..................................................... 16
*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)............................................... 25
*O'Connor v. Uber Techs., Inc.*,
  201 F. Supp. 3d 1110 (N.D. Cal. 2016)............................... 21, 23
*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982)..................................................... 20
*Ranger v. Shared Imaging, LLC*,
  2023 WL 4352624 (E.D. Cal. July 5, 2023) .............................. 22
*Reed v. Bridge Diagnostics, LLC*,
  2023 WL 4833461 (C.D. Cal. July 27, 2023) ............................ 19
*Rodriguez v. Danell Custom Harvesting, LLC*,
  293 F. Supp. 3d 1117 (E.D. Cal. 2018)..................................... 22
*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009)............................................... 18, 25
*Smith v. Keurig Green Mountain, Inc.*,
  2023 WL 2250264 (N.D. Cal. Feb. 27, 2023) ........................... 15
*Velazquez v. Int'l Marine & Indus. Applicators, LLC*,
  2018 WL 828199 (S.D. Cal. Feb. 9, 2018) ................................ 19
*Viceral v. Mistras Grp., Inc.*,
  2016 WL 5907869 (N.D. Cal. Oct. 11, 2016)............................ 21

2

TABLE OF AUTHORITIES

Statutes

28 U.S.C.A.(a) and 23(b)(3) ................................................................. 8
Bus. & Prof. Code § 17200 .................................................................. 9
California Civil Code section 1542 ..................................................... 13
California Labor Code section 2698 ............................................. 11, 24
California Labor Code section 2699(i) ............................................... 12
Labor Code section 2802 ................................................................... 13
Labor Code §2699(e)(2) ..................................................................... 22

Rules

Fed. R. Civ. P. 23(a) .......................................................................... 14
Fed. R. Civ. P. 23(e)(2) ..................................................................... 16
Fed. R. Civ. P. 23(e)(2)(A) ................................................................ 16
Fed. R. Civ. P. 23(e)(2)(C) ................................................................ 19
Federal Rules of Civil Procedure, rule 23 ...................................... 8, 14
Federal Rules of Civil Procedure, Rule 23(e) ............................. 2, 7, 14
Rule 23(a) and (b) ............................................................................. 15
Rule 23(a)(4) ..................................................................................... 16
Rule 23(e)(3); and (D) ................................................................. 15, 19
Rule 23, subdivision (e) of the Federal Rules of Civil Procedure ................... 7, 26

Other Authorities

16-cv-05207-JST,
    2020 WL 1239507 *6 (N.D.Cal.Sept. 3, 2020) ................................. 21

3

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs MARIA ESTRADA ("Plaintiff Estrada") and MYRA DELEON[1] ("Plaintiff DeLeon") (collectively "Plaintiffs") submit this memorandum in support of the unopposed Motion for Final Approval of Class Action Settlement ("Motion").[2] The proposed settlement reached by Plaintiffs and Defendant DENNY'S, INC. (referred to herein as "Defendant") (Plaintiffs and Defendant are referred to collectively as the "Parties"), as memorialized in the Parties' Class Action and PAGA Settlement Agreement and Class Notice ("Settlement Agreement"), is fair, adequate, and reasonable, and thus warrant final approval, for the reasons provided herein. (Declaration of Katherine J. Odenbreit ("Odenbreit Dec."), Ex. A).

## I.    INTRODUCTION

The Parties[3] hereto have reached a settlement in this matter, which is subject to the final approval of this Court. Plaintiffs request that the Court grant final approval of the Parties' Settlement Agreement, pursuant to Rule 23, subdivision (e) of the Federal Rules of Civil Procedure. The non-reversionary settlement amount of four million dollars ($4,000,000.00) is "fair, reasonable, and adequate" within the meaning of Rule 23(e). The Class includes eight thousand five hundred fifty-nine (8,559) employed by Defendant within the state of California at any time

---

[1] At preliminary approval the Court denied Plaintiff Myra DeLeon's request for a service payment as the PAGA Representative Plaintiff. (*See* Dkt. No. 58, pp. 27-28). However, Plaintiff DeLeon does seek to obtain final approval for the PAGA allocation. For ease of reference, the motion refers to "Plaintiffs" instead of separating them out as Class Representative and PAGA Representative unless otherwise stated.

[2] Filed concurrently herewith is Plaintiffs' Motion for Attorneys' Fees, Costs and Class Representative Service Payment.

[3] All capitalized terms appearing in this Memorandum that are not defined herein have the same meanings assigned to them as provided in the Parties' Settlement Agreement. (Odenbreit., Ex. A)

from December 9, 2017 through August 4, 2022 (the "Class Period"). Class Members stand to recover substantial and immediate monetary benefits under the settlement with an average estimated Gross Recovery of two hundred ninety-seven dollars and fort-two cents ($297.42) per Settlement Class Member. (Declaration of Kevin Lee ("Lee Dec.") ¶ 14.)

The settlement is in line with the strength of Class Members' claims given the risk, expense, complexity, and likely duration of further litigation, including the risks of establishing liability, proving damages at trial and on appeal, and the risks of securing and maintaining class action status throughout the trial and on appeal. (*See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). It is uncertain whether Plaintiffs would have ultimately been able to certify and maintain the case as a class action, and to have prevailed on liability for the Class through summary judgment, at trial, and on appeal. Weighing the risks, time, and expense of continued litigation against the substantial benefits afforded now by the proposed settlement, Class Counsel represents that the proposed settlement is in the best interest of the Class.

In connection with requesting final settlement approval, Plaintiffs also request that the Court: (1) confirm as final the certification of the Class under Federal Rules of Civil Procedure, rule 23, 28 U.S.C.A.(a) and 23(b)(3); (2) confirm as final the appointment of Plaintiff Estrada as the class representative of the Class; and (3) enter the proposed final approval order and enter judgment. Plaintiffs also request the Court award Class Counsel's requested attorney's fees and costs in a separate motion filed concurrently herewith. Finally, while the settlement is not contingent upon any service payment, Plaintiff Estrada requests the Court award a service payment to compensate her for service to and the risks taken on behalf of the Class, as provided on a separate motion filed concurrently herewith.

2

MEMORANDUM OF POINTS AND AUTHORITIES

## II.    FACTUAL AND PROCEDURAL HISTORY

These cases have a long and winding history which is set forth in the Court's Order granting preliminary approval. (*See* Dkt. No. 58, pp. 3-4).

Plaintiffs are former non-exempt hourly workers who worked for Defendant in the State of California between December 9, 2017 to August 4, 2022 ("Class Period"). On December 9, 2021, Plaintiff Estrada filed this wage and hour class action, alleging that Defendant violated California labor laws by failing to pay wages for all hours worked, failing to pay overtime, failing to timely pay wages to employees whose employment had terminated, failing to reimburse employees for necessary expenditures and failing to provide accurate itemized wage statements. Plaintiff Estrada further alleges that Defendants violated the unfair competition law (Bus. & Prof. Code § 17200, *et seq.*). (Declaration of Katherine J. Odenbreit ("Odenbreit Dec."), ¶4.)  On June 2, 2020, Representative Plaintiff De Leon filed an action in the Los Angeles Superior Court for alleged violations of the California Private Attorney Generals Act ("PAGA").[4] Plaintiff De Leon alleges Defendant violated the following sections of the California Labor Code for which she sought civil penalties on behalf of the State of California and all aggrieved employees: 201, 202, 203, 204, 221-225.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, and 2802 as well as Wage Order No. 5, subdivisions 3, 5, 9, 11 and 12. (Odenbreit Dec., ¶4.)

In addition, Plaintiff DeLeon filed an individual case filed in the Los Angeles Superior Court on October 25, 2019 alleging retaliation and wrongful termination claiming she was harassed and terminated for her sexual orientation and for reporting and complaining about the very wage and hour claims at issue in this case. (*See De Leon v. Denny's,* USDC Case No. 2:20-cv-01668-DMG-PJW, Dkt. No. 1-1, p. 4:22-8:20). Although Ms. DeLeon's class case was dismissed, the litigation of

---

[4] Plaintiff DeLeon also previously filed a putative class action against Defendant which was subsequently dismissed. (Odenbreit Dec., ¶6.)

MEMORANDUM OF POINTS AND AUTHORITIES

her individual case and separate PAGA action, in Class Counsel's opinion, assisted greatly in leading to this Settlement. (Declaration of Katherine J. Odenbreit ("Odenbreit Dec."), ¶4).[5]

On August 4, 2022, the Parties participated in a full day mediation with well regarded mediator, Hon. Carl West (Ret.) who is extremely familiar with class actions involving employees. (Odenbreit Dec., ¶5). At the end of the day the Parties had not resolved the matter, but after continued negotiations with the participation of the mediator, the Parties reached a settlement. Over the course of the next several months, the Parties exchanged settlement agreement drafts and continued negotiations of the specific terms of the Settlement, resulting in the Settlement Agreement presented to the Court for approval. (Odenbreit Dec., Exhibit A). At all times, the negotiations leading to the Settlement Agreement have been adversarial, non-collusive, and at arm's length. (Odenbreit Dec. ¶ 5).

### III.    TERMS OF THE SETTLEMENT

Pursuant to the settlement agreement, and in consideration for the releases of all claims at issue, Defendant agrees to pay an amount not to exceed Four Million Dollars ($4,000,000.00) (the "Total Settlement Amount"), excluding Defendant's side of payroll taxes (which Defendant will pay separately), as a full and complete settlement of all claims asserted in the Class Action and PAGA Action from all individuals who worked for Denny's in California and classified as non-exempt, hourly employees as any location in California during the time period from December 9, 2017 to August 2, 2022. ("Class Members") and persons

---

[5] The Court noted in its Order granting preliminary approval Plaintiffs did not fully discuss whether the efforts in the separate actions should be considered. (Dkt. No. 58, p. 18, fn. 9). Class Counsel believes that they should be considered for final approval because the ongoing efforts and litigation by Plaintiff DeLeon provided an avenue for critical discovery and information to support the class allegations at issue in this case. (Odenbreit Dec., ¶6).

4

MEMORANDUM OF POINTS AND AUTHORITIES

employed by Denny's in California classified as a non-exempt hourly employee from October 16, 2018 to August 4, 2022 ("Aggrieved Employees"). (Odenbreit Dec., Ex. A (Settlement Agreement"), ¶¶1.3, 1.4, 1.12, 1.31.) The Total Settlement Amount includes payments made to Class Members, settlement administration costs, court approved awards of attorneys' fees and costs, the service award for Plaintiff Estrada, if approved, and payment to the LWDA. The Settlement Agreement provides that the Total Settlement Amount will be allocated as follows:

- Administration will be handled by Phoenix Class Action Administrators, a third-party settlement Administrator, and the cost of the Administration shall not exceed fifty thousand dollars ($50,000.00) and will be paid out of the Gross Settlement Amount (Declaration of Kevin Lee, Phoenix Class Action Administrators ("PAS") ("Lee Dec."), ¶17, Ex. B; Odenbreit Dec. ¶ A, 1.1);

- Defendant will not oppose an application for a Class Representative Service Payment to Class Representative Estrada in the amount of five thousand dollars ($5,000.00) to be paid out of the Gross Settlement Amount (Odenbreit Dec. Exhibit A, ¶¶1.14, 1.36, and 3.21); Defendant will not oppose Class/PAGA Counsel's application for a Class/PAGA Counsel Fees Award that is up to one million three hundred twenty thousand dollars ($1,320,000.00), which is 33% of the Total Settlement Amount and Class Counsel Litigation Costs not to exceed thirty thousand dollars ($30,000.00) (Odenbreit Dec., Exhibit A, ¶¶1.6, 3.2.2.);

- Fifty Thousand Dollars ($50,000.00) in PAGA Penalties from the Total Settlement Amount to compromise of claims brought under the Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. California Labor Code section 2699(i) requires that the parties

5

distribute any settlement of PAGA claims as follows: 75% to the State of California's Labor Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers in the amount of thirty-seven thousand five hundred dollars ($37,500.00); and 25% to "Aggrieved Employees" will be distributed from the Net Settlement Amount in the amount of twelve thousand five hundred dollars ($12,500.00). (Odenbreit Dec., Ex. A, ¶1.28, ¶1.35);

- The Net Settlement Amount will be distributed as Individual Class Payment on a pro rata basis to Participating Class Members based on the total number of Workweeks worked during the Class Period and Individual PAGA Payments to Aggrieved Employees based on the total number of Workweeks worked during the PAGA Period. (Odenbreit Dec., Ex. A, ¶¶1.28, 1,23, 1.24, 1.48.) After the above referenced deductions, the Net Settlement Amount is $2,545,000.00. (Lee Dec., ¶13).

### A.    Release of Claims

Pursuant to the Settlement Agreement upon entry of Final Judgment, the Released Parties shall be entitled to a release of all wage and hour claims, charges, complaints, liens, demands causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that each Plaintiff, Participating Class Member, and Aggrieved Employee had, now has, or may hereafter claim to have against Released Parties and that were asserted in the Class Action, the PAGA Action, and/or the First Amended Complaint filed in the Class Action on behalf of Plaintiff ESTRADA and Plaintiff DELEON, or that arise from or could have been asserted based on any of the facts, circumstances, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act alleged in Plaintiff ESTRADA's and Plaintiff DELEON's' respective complaints and Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

ESTRADA's and Plaintiff DELEON's First Amended Complaint regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law that occurred during the Class Period and claims specifically raised in the PAGA Action and the PAGA Notice alleging violations of PAGA, specifically including alleged violations of Labor Code sections: 201, 202-203, 204, 221-225.5, 226,226.7, 510,512,558, 1174, 1194, 1197, and 2802, as well as IWC Wage Order No. 5, subdivisions 3, 5, 9, 11, and 12, during the PAGA Period. ("Released Claims"). The Released Claims specifically include but are not limited to: (1) failure to pay all wages including overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide accurate itemized wage statements; (5) failure to pay wages upon ending employment; ( 6) failure to reimburse employees for necessary business expenditures in violation of Labor Code section 2802; (7) unfair competition; (8) violations of PAGA; and (9) any and all other claims for lost wages and/or wage and hour violations. This release does not include claims outside the Class or PAGA Periods or claims of harassment, retaliation, discrimination, workers' compensation, disability, wrongful termination or unemployment benefits. (Odenbreit Dec., Ex. A, ¶6.1).

Plaintiffs agree to a full release of all claims against Released Parties pursuant to California Civil Code section 1542. (Odenbreit Dec., Ex. A, ¶6.1.1).

**B.    Notice**

In advance of the final approval hearing, Notice was disseminated to the Class Members and Aggrieved Employees as approved by the Court. (Dkt. No., 58, pp. 33-34; Lee Dec., ¶¶3-5, Ex. A).

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

## IV.    LEGAL STANDARD FOR FINAL APPROVAL

Parties seeking class certification for settlement purposes must satisfy the requirements of Federal Rule of Civil Procedure 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620–21 (1997). The threshold task when deciding whether to grant final approval of a class action settlement is to "ascertain whether the proposed settlement satisfies the requirements of Fed. R. Civ. P. 23(a), which are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). In considering such a request, the court must give the Rule 23 certification factors "undiluted, even heightened, attention in the settlement context." *Amchem Products, Inc.*, 521 U.S. at 620.

Once a class is certified, Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "Courts reviewing class action settlements must ensure that unnamed class members are protected from unjust or unfair settlements affecting their rights, while also accounting for the strong judicial policy that favors settlements[.]" *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (internal quotation and alteration marks omitted). A district court must examine the settlement for "overall fairness[.]" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (en banc). Accordingly, before approving a class action settlement under Rule 23, a district court must conclude that the settlement is "fundamentally fair, adequate, and reasonable." *Id.*; *Hanlon*, 150 F.3d at 1026. In the Ninth Circuit, there is a "strong judicial policy that favors settlements[.]" *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)).

///

MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Final Confirmation of Class Certification is Appropriate

In its Preliminary Approval Order, the Court certified a provisional settlement class. (Dkt. No. 58, p. pp. 9-16). The Court "need not find anew that the settlement class meets the certification requirements of Rule 23(a) and (b)." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); *see also Smith v. Keurig Green Mountain, Inc.*, No. 18-CV-06690-HSG, 2023 WL 2250264, at *4 (N.D. Cal. Feb. 27, 2023) ("Because no facts that would affect these requirements have changed since the Court preliminarily approved the class . . ., this order incorporates by reference the Court's prior analysis under Rules 23(a) and (b) as set forth in the order granting preliminary approval."). Here, the Settlement Class has not changed since it was conditionally certified. All the criteria for class certification remain satisfied. Therefore, the Court confirms its Preliminary Approval Order certifying the Settlement Class.

### V.    FINAL   APPROVAL   OF   THE   SETTLEMENT   IS APPROPRIATE   AS   THE   SETTLEMENT   IS   FAIR, REASONABLE AND ADEQUATE

Once it has been established that the proposed settlement would bind class members, "the court may approve it only after a hearing and finding that it is fair, reasonable, and adequate" after considering the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 23(e)(2); *see also McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021) ("In 2018, Congress amended Rule 23(e)(2) to provide specific factors for a district court to consider in determining whether a settlement is 'fair, reasonable, and adequate.'" (quoting Fed. R. Civ. P. 23(e)(2)).

The Court must apply a "higher level of scrutiny for evidence of collusion or other conflicts of interest," irrespective of whether the settlement agreement was negotiated before or after class certification. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *see Briseno v. Henderson*, 998 F.3d 1014, 1025 (9th Cir. 2021) (holding that "courts must apply *Bluetooth's* heightened scrutiny to post-class certification settlements in assessing whether the division of funds between the class members and their counsel is fair and "adequate").

### A.    Class Representative Estrada and Class Counsel Have Adequately Represented the Class

The first factor requires that the class representatives and class counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A). Class representatives are adequate if the named plaintiff and counsel do not have any conflicts of interest with other class members and will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. Adequate representation of counsel is generally presumed in the absence of contrary evidence. *See Californians for Disability Rts., Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

In its Order granting preliminary approval of the Settlement, the Court found Class Representative Estrada satisfied the adequacy requirement and appointed Kevin Mahoney, Katherine J. Odenbreit and Raleigh Dixon as Class Counsel. (Dkt. No. 58, p. 13). "Because the Court found that adequacy under Rule 23(a)(4) has been satisfied above, due to the similarity, the adequacy factor under Rule 23(e)(2)(A) is also met.". *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-CV-2335-GPC-MDD, 2020 WL 520616, at *5 (S.D. Cal. Jan. 31, 2020). Given Plaintiff

10

and Class Counsel's extensive work and familiarity with this case and counsel's experience litigating wage and hour class actions, (Dkt. No. 58, p.13), Plaintiff and Class Counsel possess sufficient information to make an appropriate and informed evaluation of the proposed Settlement and appear to have diligently prosecuted this action. (Dkt. No. 58, p. 13; Odenbreit Dec., ¶¶8-17; Declaration of Kevin Mahoney filed with Plaintiffs' Motion for Preliminary Approval; Dkt. No. 52-2, ¶¶4-7; Declaration of Raleigh Dixon, Dkt. 52-3, ¶¶2-5). Additionally, Class Counsel has extensive experience litigating wage and hour class/PAGA actions and with class employment litigation. (Dkt. No. 58, p. 13).  Class Counsel's firm has extensive experience in class actions, including representing parties as lead counsel in land-mark wage and hour cases. (Dkt. No. 58, p. 13-14).

Plaintiff Estrada has no known conflicts with the class and seeks the same relief as the class. (Declaration of Maria Estrada in Support of Preliminary Approval, Dkt. No. 52-8, ¶¶5-6). Ms. Estrada seeks the same damages and remedies as the Class, specifically for unpaid wages, meal and rest period penalties, penalties for failure to provide accurate itemized wages statements, and other available remedies. (Dkt. No. 52-8, ¶9). For the reasons set forth above and in the accompanying declarations, Plaintiff Estrada and Class Counsel have satisfied the adequacy requirement.

**B.    The Settlement is a Product of Arm's Length Negotiation**

As discussed more extensively in the Parties' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 52), as well as in Plaintiffs' Motion for Attorney's Fees ("Fees Motion") concurrently filed herewith, (1) Class Counsel are highly experienced in class action wage and hour litigation; (2) Plaintiff and Defendant conducted significant discovery and investigation that allowed Class

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

Counsel to act intelligently in negotiating and recommending the settlement[6]; and,
(3) the Parties arrived at the settlement through arms-length bargaining involving
competent and experienced counsel, and only after a full day of mediation with an
a former complex judge and experienced mediator. (*See Rodriguez v. W. Publ'g
Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the
product of an arms-length, non-collusive, negotiated resolution, and have never
prescribed a particular formula by which that outcome must be tested.") (citations
omitted); *In re Zynga Inc. Sec. Litig.*, No. 12-CV-04007-JSC, 2015 WL 6471171,
at *9 (N.D. Cal. Oct. 27, 2015) (holding that the parties' use of mediator and the
fact that significant discovery had been conducted "support the conclusion that the
Plaintiff was appropriately informed in negotiating a settlement"); *Harris v. Vector
Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29,
2011) (noting that the parties' use of a mediator "suggests that the parties reached
the settlement in a procedurally sound manner and that it was not the result of
collusion or bad faith by the parties or counsel."

Finally, none of the "subtle signs of collusion" that the Ninth Circuit has
warned of are present here. (*See e.g. In re Bluetooth Headset Products Liability
Litigation*, 654 F.3d at 947.) Class Members will be receiving monetary distribution
commensurate with their pro rata share of the Gross Settlement Amount, and based
upon the number of Workweeks they have worked for Defendant. (Lee Dec., ¶¶11,
14). Further, Class Counsel will be applying for a percentage of the common fund

---

[6] At preliminary approval the Court indicated Plaintiff had not addressed whether
the discovery efforts included the discovery conducted in the DeLeon dismissed
class case. (ECF Dkt. No. 58, p. 18 fn9). In that case Plaintiffs secured responses
to written discovery and the deposition of two representative plaintiffs were taken.
The parties in the *DeLeon v. Denny's* separate PAGA action stipulated to utilize
the discovery conducted in the DeLeon class case in the PAGA action so this
discovery was considered by Plaintiffs in the mediation and Settlement.
(Odenbreit Dec., ¶6).

MEMORANDUM OF POINTS AND AUTHORITIES

fee award in an amount not to exceed one-third of the Gross Settlement Amount to compensate them for the services they have rendered on behalf of the Settlement Class Members. (*See generally*, Motion for Attorneys' Fees and Costs.) The award of attorneys' fees is separate from the approval of the Settlement, and neither Plaintiff nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees. Moreover, there is no indication of a "clear sailing" arrangement, or an arrangement for unawarded fees to revert to Defendant rather than the Class Members. (Odenbreit Dec., Ex. A, ¶3.1.) The Settlement is not a claims-made settlement. It is an all-in, non-reversionary settlement. As such, this factor weighs in favor of approval.

### C.    The Settlement Provides Adequate Relief to the Class

The third factor requires the court to consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

### i.    The Costs and Risks of Further Litigation Support Approval

The Court must "balance the continuing risks of litigation (including the strengths and weaknesses of the Plaintiff's case, with the benefits afforded to members of the Class, and the immediacy and certainty of a substantial recovery." (*Velazquez v. International Marine and Industrial Applicators, LLC* (S.D. Cal., Feb. *Velazquez v. Int'l Marine & Indus. Applicators, LLC*, No. 16CV494-MMA (NLS), 2018 WL 828199, at *4 (S.D. Cal. Feb. 9, 2018).) "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Reed v. Bridge Diagnostics, LLC*, No. 821CV01409CJCKES, 2023 WL 4833461, at *6 (C.D. Cal.

13

MEMORANDUM OF POINTS AND AUTHORITIES

July 27, 2023).

Plaintiffs are convinced of the strengths of their claims. However, Defendant is equally adamant about the strength of its defenses. Plaintiffs' claims and Defendant's defenses give rise to a number of critical, disputed factual and legal issues that go to the core of Plaintiffs' claims and theories of liability and, by extension, to Plaintiffs' entitlement to recover damages and penalties on behalf of the class/aggrieved employees, and/or the proper measure of damages. If litigation proceeded, Plaintiff Estrada would seek certification of a class of over 8,500 employees which would require extensive expense for expert analysis in support of a proposed trial plan and damages presentation for the class. (Odenbreit Dec., ¶18). I personally was involved in a PAGA bench trial in 2017/2018 where the costs exceeded $75,000.00. (Odenbreit Dec., ¶18). Additionally, if the case proceeded with litigation, Plaintiffs would have been required to file a class certification motion in approximately 4-6 months. (*See* this Court's Standing Civil Order, ¶K.1). Presentation of the class certification motion also would require engagement of an expert, depositions and securing class contact information. (Odenbreit Dec., ¶19). By securing a monetary settlement at this stage of the litigation, Plaintiffs have avoided most of these additional costs resulting in more funds going to the Class Members. (Odenbreit Dec., ¶19).

     ii. <u>The Amount of the Settlement Favors Approval</u>

The Court must weigh the risk to Plaintiff against the value of the Settlement. (*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).) The Settlement provides a Gross Settlement of four million dollars ($4,000,000.00). The Net Settlement Value after deduction for the administration costs, representative service payment, estimated attorneys' fees, costs of litigation and PAGA Payment is $2,525,000.00 providing for an average payment per class member of $297.42. (Lee Dec., ¶¶13, 14).

MEMORANDUM OF POINTS AND AUTHORITIES

At preliminary approval, the Court found Class Counsel's estimate that the Total Settlement Amount ("TSA") representing approximately 44%, or 28% if the estimated exposure of the PAGA claims is included, of the total estimated verdict value for the class claims to be reasonable in light of the risks and costs associated with continued litigation and the immediate recovery provided to the Class. (ECF Dkt. No. 58, p. 21:26-36:1, p. 22, fn. 10, p. 23:20-27). With regards to the PAGA claim allocation, the Court requested Class Counsel address the reduction of the estimated PAGA recovery consistent with the fact-specific analysis set forth in other district court cases including *Viceral v. Mistras Grp., Inc.*, No. 15-CV-02198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) and *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110 (N.D. Cal. 2016). (ECF Dkt. No. 58, p. 25:23-26:13).

### a. The PAGA Allocation of Approximately 1.25% of the GSA Is Reasonable and Is Consistent with the Purpose of PAGA

When evaluating the reasonableness of a combined class and PAGA settlement, the court must look at the settlement as a whole to ensure the settlement: (1) meets the statutory requirements set forth by PAGA, and (2) the settlement is fair, reasonable and adequate in view of PAGA's public policy goals. *Martinez v. Knight Trans., Inc.* \*7. Where the proposed settlement involves overlapping class Labor Code claims and PAGA claims the court applies a sliding scale analysis to determine if the settlement as a whole vindicates the rights of employees and the state. *Id.* at 8, citing *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110 (N.D. Cal. 2016). Where the settlement provides "robust", fair compensation to the employees, it both vindicates the rights of the aggrieved employees and also can act as a deterrent effect on the employer to the benefit of future employees such that the settlement is consistent with the objective of PAGA allowing the Court to find a significantly discounted PAGA allocation is fair and reasonable. *Id., see also Haralson v. U.S. Aviation Svcs. Corp.* Case No. 16-cv-05207-JST, 2020 WL

15

1239507 *6 (N.D.Cal.Sept. 3, 2020); *Viceral, supra* at *9. PAGA claims based on

the same Labor Code sections as the class allegations are also subject to the same

defenses and risks the court found reasonable to accept the reduction of the class

claims. *Martinez v. Knight, supra* at *11, citing *Viseral, supra* at *9.  Further, the

court also considers the LWDA's decision not to comment or object to the

settlement after being notified as "implicit approval of the parties' agreement".

*Ranger v. Shared Imaging, LLC.*, No. 2:20-CV-401-KJN, 2023 WL 4352624, at

*12 (E.D. Cal. July 5, 2023), citing *Rodriguez v. Danell Custom Harvesting, LLC*,

293 F. Supp. 3d 1117, 1133 (E.D. Cal. 2018) (approving .6% PAGA payment

because LWDA did not object); *Mancini v. W. & S. Life Ins. Co.*, No. 16CV2830-

LAB (WVG), 2018 WL 4489590, at *2 (S.D. Cal. Sept. 18, 2018) (taking LWDA's

"acquiescence as indication that the settlement is presumptively reasonable".)

In this case, Plaintiffs estimated the more realistic verdict value of the PAGA

claims was $5,000,000-$7,000,000. (ECF Dkt. No. 52-1, p. 60:22-61:3). However,

even that estimate is overly optimistic. The court has the ability to reduce penalties

proven at trial under PAGA if the court determines the total assessment of the

penalties would be "unjust, arbitrary, and oppressive". (Labor Code §2699(e)(2).)

In *Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018), the court reduced

the proven PAGA penalties of over $70 million to $150,000. (*Id.* at 517, 529)[7]. The

drastic reduction in penalties is a realistic possibility adding to the risk Plaintiffs

must consider when accepting a reduced settlement. *See, In re Uber FCRA Litig.*,

No. 14-CV-05200-EMC, 2017 WL 2806698, at *7 (N.D. Cal. June 29, 2017)

(approving settlement worth less than 7.5% of possible verdict where class faced

_____

[7] See e.g., *Fleming v. Covidien Inc.*, No. (OPX), 2011 WL 7563047, at *4 (C.D.
Cal. Aug. 12, 2011) (reducing PAGA penalties by 82%); *Kaanaana v. Barrett
Bus. Servs., Inc.*, 29 Cal. App. 5th 778, 788 (2018) (reducing $409,950 in PAGA
penalties to $53,294 (13%).

MEMORANDUM OF POINTS AND AUTHORITIES

"substantial risks and obstacles" to prevailing at trial, as well as "the inevitable expense of litigating a large, complex case through trial."; *Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL 4773057, at *7, 9 (N.D. Cal. Oct. 3, 2018) (approving 0.6 percent PAGA allocation after finding that deeply discounted settlement reflected "significant risk that further litigation would lead to lower or likely even no recovery").) Here, the Total Settlement Amount is 26% percent of the reasonable potential verdict value and the PAGA allocation is 1.25% of the Total Settlement Amount which given the risks of continued litigation and robust settlement secured for the employees is reasonable. (Odenbreit Dec., ¶22).

Also, in this case, unlike in the *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110 (N.D. Cal. 2016) case in which the LWDA objected to the PAGA allocation, the LWDA has been provided with a copy of the Settlement and has provided no comment or objection. (Odenbreit Dec., ¶20). The PAGA aggrieved employees are also class members under the settlement such that the PAGA Payment is in addition to what they will receive as class members while requiring an increased allocation to the PAGA claims would shift funds away from other class members. *Ranger, supra* at *12 [citations omitted]. Finally, the Settlement provides substantial monetary relief to the employees. The average class member payment is $297.42. (Lee Dec., ¶14). On average this equates to payment for nearly 22 hours of work. (Odenbreit Dec., ¶21). Plaintiffs contend the PAGA allocation and the total settlement are fair, reasonable and vindicate the rights under PAGA.

///
///
///
///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES

iii.    The Settlement Provides for Equal Treatment of Class
Members

The settlement proposed by the Parties reflects no significant indication of preferential treatment. As described in the Proposed Notice:

> The Claims Administrator will calculate each Settlement Class Member's pro-rata share of the Net Settlement as follows: The Claims Administrator will calculate the number of total Compensable Work Weeks for each Settlement Class Member. ("Class Payment") Work Weeks will be calculated according to records and information provided by Defendant for time worked by Class Members for Defendant at any time from December 9, 2017 and August 4, 2022.
> For employees who worked for Defendant at a restaurant location in California at any time between August 2, 2021 to August 4, 2022 ("Aggrieved Employees") and who are eligible for a share under the California Labor Code's Private Attorneys General Act of 2004 (Lab. Code, § 2698 et *seq.*)("PAGA"), the Claims Administrator will also calculate the employee's share of the PAGA Allocation based on records and information provided by Defendant on eligible employees' Pay Periods. ("PAGA Payment"). (Lee Dec., Ex. A: Notice, p. 2)

*See, e.g.*, *Altamirano v. Shaw Indus., Inc.*, No. 13-CV-00939-HSG, 2015 WL 4512372, at *8 (N.D. Cal. July 24, 2015) (finding no preferential treatment because the settlement "compensates class members in a manner generally proportionate to the harm they suffered on account of [the] alleged misconduct"). As the settlement proposed by the Parties reflects no significant indication of preferential treatment, this factor cuts in favor of final approval.

iv.    The Absence of Any Class Member Objection to the Settlement
Agreement Supports Final Approval

There have been no objections to the Settlement made by any Class Member and only two Class Members requested exclusion from the settlement. (Lee Dec., ¶¶8, 9). "[T]he absence of any objections to the Settlement Agreement among ///

18

MEMORANDUM OF POINTS AND AUTHORITIES

Class Members supports final approval." *In re Aftermarket Automotive Lighting Products Antitrust Litigation* (C.D. Cal., Jan. *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*, No. 09 MDL 2007-GW(PJWX), 2014 WL 12591624, at *3 (C.D. Cal. Jan. 10, 2014). Even in cases where objections are made, it is recognized that a small number of objections indicates a favorable class reaction. *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (holding that "in the absence of a large number of objections to a proposed class action settlement, settlement actions are favorable to the class members."); *Atlas v. Accredited Home Lenders Holding Co.* (S.D. Cal., Nov. *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) (recognizing that only two class members submitted objections to the plan of allocation in deciding to approve the plan of allocation); *see also Mandujano v. Basic Vegetable Prod., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976).

<u>v.</u>    <u>Additional Rule 23(e) Factors</u>

The judgment of experienced counsel regarding the settlement is entitled to great weight. (*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980).) Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." (*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (*quoting In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).) Here, counsel for both Parties endorse the Settlement as fair, adequate, and reasonable. Plaintiff's Counsel and Defendant's counsel each have extensive experience in prosecuting and litigating class action wage and hour suits like this one.

19

MEMORANDUM OF POINTS AND AUTHORITIES

Further, as discussed in the contemporaneously filed Motion for Class Representative Service Payment, Attorneys' Fees, and Reimbursement of Costs and Expenses, the proposed attorneys' fees of one-third or thirty-three and one-third percent (33.33%) of the Gross Settlement Amount to be reasonable in light of the risk involved in this litigation, the work performed by Class Counsel, and the fact that there were no objections to this amount. Moreover, approval of the requested attorneys' fees is separate from approval of the Settlement, and the Settlement Plaintiffs have waived any right to appeal based on a ruling regarding attorneys' fees. (Odenbreit Dec., Ex. A, ¶10.5.) The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate heavily favors this Court's approval of the Settlement.

## VI.   CONCLUSION

The Parties have negotiated a fair and reasonable settlement of the claims that meet the requirements of final approval pursuant to Rule 23, subdivision (e) of the Federal Rules of Civil Procedure. The Parties thereby request that the Court (1) grant final approval of the Settlement, and (2) grant final class certification and class action designation of the Settlement.

*By:*   *Katherine J. Odenbreit*

Kevin Mahoney
Katherine J. Odenbreit
Attorneys for Plaintiff Estrada, as an individual and on behalf of similarly situated employees and Plaintiff Myra De Leon, as an individual and on behalf of the State of California and all aggrieved employees

MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**
Code of Civ. Proc. § 1013a, subd. (3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 249 East Ocean Boulevard, Suite 814, Long Beach, California, 90802.

On **May 28, 2024,** I served [X] true copies [ ] originals of the following document(s): **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT.** I served the document(s) on the person(s) below as follows:

| | |
|---|---|
| Matthew W. Farmer, Esq.<br>**LITTLER MENDELSON, P.C.**<br>18565 Jamboree Road, Suite 800<br>Irvine, CA 92612 | Attorneys for Defendant DENNY'S INC.<br><br>Telephone:    (949) 705-3000<br>Facsimile:    (949) 724-1201<br>Email:        mfarmer@littler.com |
| Nelly N. Chavez, Esq.<br>**LITTLER MENDELSON, P.C.**<br>500 Capitol Mall, Suite 2000<br>Sacramento, CA 95814 | Attorney for Defendant DENNY'S INC.<br><br>Telephone:    (916) 830- 7200<br>Facsimile:    (916) 561- 0828<br>Email:        nchavez@littler.com |

The document(s) were served by the following means:

☒ **By e-mail:** Based upon court order or an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the persons at the electronic service addresses listed above from the email address edavies-miller@mahoney-law.net. Within a reasonable time after the transmission, no error, electronic message or any other indication that the transmission was unsuccessful was received.

☒ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 28, 2024**, at Long Beach, California.


_____
Emily Davies-Miller

PROOF OF SERVICE