# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTRADA, as individuals and on behalf of all similarly situated employees,<br><br>                 Plaintiffs,<br>   v.<br><br>DENNY'S INC., and DOES 1 through 10, inclusive,<br><br>                 Defendant. | Case No.: 2:22-CV-00572-SPG(AGRx)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned to Honorable Hon. Sherilyn P. Garnett, Ct. Rm 5C<br><br>DATE: June 26, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5C<br><br>Action Filed:     December 9, 2021<br>Action Removed:  January 26, 2022<br>Trial Date:       None Yet Set |

On June 26, 2024, a hearing was held on Plaintiffs Maria Estrada and Myra DeLeon's ("Plaintiffs") Motion for Final Approval of Class Settlement, and on Plaintiff's separate motion for awards of the Class Counsel Fees Payment and Costs and Class Representative Service Payment. The Court having considered the arguments of counsel, and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1.  The Joint Stipulation for Class/Collective Action and PAGA Settlement Agreement and Class Notice ("Settlement Agreement" or "Settlement") filed with the Court as Exhibit A to the Declaration of Katherine J. Odenbreit entered into by and between Plaintiffs, individually and on behalf of Class Members (defined below), and Defendant DENNY'S, INC. (referred to herein as "Defendant"), is fair, just, and reasonable and, therefore, meet the requirements for final approval.

2.  For purposes of this Order, the court adopts all defined terms as set forth in the Settlement Agreement.

3.  This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Defendant and all Class Members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331. This Court also has supplemental jurisdiction over all state-law claims asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.

///

///

4. The following class was conditionally certified for settlement purposes on March 1, 2024 as follows: as all individuals who worked for Denny's, Inc. in California as non-exempt hourly employees at any location in California during the time period from December 9, 2017 to August 4, 2022 ("Class Period").The Court finds and determines that this class meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 (a) and (b)(3), and it is ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

5. Pursuant to the Court's Order granting Preliminary Approval of this settlement, the notice documents were sent to each Class Member by first-class mail. The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

6. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

8. The Court further finds and determines that the terms of this Settlement are fair, adequate and reasonable for the Participating Class Members that have not opted out and they will be bound by the Settlement Agreement, that this settlement

is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and are ordered to be consummated, except as otherwise provided in this Order, Pursuant to Rule 23(e). In addition, the Court finds that the Settlement Agreement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arm's-length negotiations, with the assistance of an experienced mediator, between experienced counsel representing the interests of the Class Members and Defendant, after thorough factual and legal investigation.

9. The Court finds and determines that the Individual Settlement Payments to be made to the Participating Class Members as provided for in the Settlement Agreement is fair and reasonable. The proposed plan of allocation bases each Participating Class Member's recovery on his or her total number of workweeks on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class. The plan of allocation is rational. The Court gives final approval to and orders that payment of those amounts be made to the Participating Class Members out of the Net Settlement Amount in accordance with the terms of the Settlement Agreement. Likewise, Individual PAGA Payments will be paid to each Class Member that was employed by Defendant during the PAGA Period pursuant to the terms of the Settlement Agreement.

10. The Court finds that the response of Class Members following the administration of Class Notice supports the approval of the settlement.

11. The Court confirms as final the appointment of Plaintiff Maria Estrada as Class Representative.

12. The Court awards attorneys' fees to Class counsel, Mahoney Law Group, APC, in the amount of one million three hundred twenty thousand dollars ($1,320,000.00) and costs to Class Counsel in the amount of twenty-nine thousand seven hundred eighty-nine dollars and fifty-four cents ($29,789.54). Class Counsel

originally estimated the litigation costs to be thirty thousand dollars ($30,000.00). Attorneys' actual costs in the amount of $29,789.54 are requested by Class Counsel to be paid from the Gross Settlement Amount. The remaining amount of $210.46 will become part of the Net Settlement Amount for distribution to Participating Class Members. The Court finds that the hourly rates of Class Counsel are reasonable, and at the time Class Counsel represented they have worked on this matter was reasonably spent securing the Settlement approved herein.

13. The Court confirms Plaintiff Estrada's Enhancement payment of five thousand dollars ($5,000.00). The Court finds that Plaintiff Estrada has undertaken significant risk and performed valuable services on behalf of the Class Members.

14. Upon completion of the administration of this settlement, the Settlement Administrator will provide a declaration detailing the completion of the administration process to the Court and counsel for the Parties. The Court finds and confirms the costs of fifty thousand dollars ($50,000.00) reasonable for the administration of this settlement, as set forth in the Declaration of the administrator's representative, to be paid out of the Gross Settlement Amount to the Settlement Administrator.

15. The Court finds that there have been no objections to the Settlement, and therefore there is no person who has standing to appeal the same. The Court finds no basis for determining that the Settlement was reached by anything other than arm's-length negotiations. The Court further finds that the investigation and discovery was sufficient to allow Class Counsel and the Court to act intelligently. The Court also finds that Class Counsel is experienced in this type of litigation.

16. Accordingly, the Court orders all Parties and their counsel to cooperate in the fulfilling the terms of the Settlement Agreement herein consistent with this order, and this Court shall retain jurisdiction to effectuate the terms of the Settlement including the binding effect of the releases set forth in the Settlement Agreement to both the Plaintiff and Class Members.

**IT IS SO ORDERED.**

Dated: _____   _____
The Honorable Sherilyn Peace Garnett

United States District Judge

**PROOF OF SERVICE**
Code of Civ. Proc. § 1013a, subd. (3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 249 East Ocean Boulevard, Suite 814, Long Beach, California, 90802.

On **May 28, 2024,** I served [X] true copies [ ] originals of the following document(s):
**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
**.** I served the document(s) on the person(s) below as follows:

| Matthew W. Farmer, Esq.<br>**LITTLER MENDELSON, P.C.**<br>18565 Jamboree Road, Suite 800<br>Irvine, CA 92612 | Attorneys for Defendant DENNY'S INC.<br><br>Telephone: (949) 705-3000<br>Facsimile: (949) 724-1201<br>Email: mfarmer@littler.com |
|---|---|
| Nelly N. Chavez, Esq.<br>**LITTLER MENDELSON, P.C.**<br>500 Capitol Mall, Suite 2000<br>Sacramento, CA 95814 | Attorney for Defendant DENNY'S INC.<br><br>Telephone: (916) 830- 7200<br>Facsimile: (916) 561- 0828<br>Email: nchavez@littler.com |

The document(s) were served by the following means:

☒ **By e-mail:** Based upon court order or an agreement of the parties to accept service by e-mail, I caused the document(s) to be sent to the persons at the electronic service addresses listed above from the email address edavies-miller@mahoney-law.net. Within a reasonable time after the transmission, no error, electronic message or any other indication that the transmission was unsuccessful was received.

☒ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 28, 2024**, at Long Beach, California.

*Emily Davies-Miller* (signature)

_____
Emily Davies-Miller